Argued June 23, affirmed August 16, 1976

In the Matter of L J, a Minor Child
## STATE ex rel JUVENILE DEPARTMENT OF MULTNOMAH COUNTY, *Respondent,*

*v.*

## L J, *Appellant.*
(No. 54-754, CA 5680)

552 P2d 1322

 

────────────────

*Darrell E. Bewley,* Portland, argued the cause for appellant. With him on the brief was Edward L. Strand, Portland.

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

A petition was filed alleging a 15-year-old boy was within the jurisdiction of the juvenile court because of his having committed attempted rape and assault. The statutory basis for this petition was ORS 419.476(1)(a) which provides:

"The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"(a) Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city."

At the hearing on the petition, the juvenile sought to raise the affirmative defense of mental disease or defect, recognized in criminal cases by ORS 161.295.[1] The juvenile court ruled:

"* * * as a matter of law, that the defense of mental disease or defect excluding responsibility under ORS 161.295 * * * cannot be asserted in a juvenile court proceeding * * *."

The court concluded the juvenile was within its jurisdiction, made him a ward of the court, and placed him in the custody of the Mental Health Division for treatment at Fairview Hospital. The principal issue raised by the juvenile's appeal is the correctness of the court's ruling that "insanity" can never be raised in a juvenile court proceeding under ORS 419.476(1)(a).[2]

The juvenile contends that intent is or should be an element of the violations charged, attempted rape and assault; that insanity can, in at least some situations, negate intent; and that therefore the reference in ORS

---

[1] ORS 161.295(1) provides:

"A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law."

[2] The defense in question, previously called "insanity," is now labeled "mental disease or defect." For brevity, we nevertheless continue to refer to the defense as "insanity."

[ 463 ]

419.476(1)(a) to a child's acts that would be violations "if done by an adult" compels the conclusion that the juvenile court's ruling was in error. The state's argument to the contrary is that intent and insanity are not coterminous; that the state must prove intent in this kind of proceeding; and that having done so, any additional mental incapacity is irrelevant because a juvenile adjudication does not represent the conviction of a crime or subject the juvenile to penal sanctions.

■ We conclude the parties' focus solely on insanity detracts from the proper analysis of the issue. In Oregon's criminal law, insanity is an affirmative defense. ORS 161.305. There are numerous additional affirmative defenses, *e.g.*: renunciation (ORS 161.430, 161.440 and 161.460); in felony murder cases (ORS 163.115(3)); in sex offense cases (ORS 163.325(2), 163.325(3) and 163.335).

Under this broader approach, we assume the juvenile court's position below and the state's argument here, phrased in the simplest terms, would be that no affirmative defense is relevant in juvenile court proceedings under ORS 419.476(1)(a). In other words, an adult and a juvenile might be involved in carbon-copy fact situations; the adult could raise an affirmative defense in a criminal trial, persuade the fact finder and be acquitted; but the juvenile could not present identical evidence in a juvenile court proceeding.

■ Phrased in this manner, the state's argument answers itself. We cannot believe the legislature intended that one individual could go free while another in an identical situation could be sent to Mac-Laren School based on the fortuity that the former was over 18 while the latter was under 18. We hold the reference in ORS 419.476(1)(a) to matters that would be violations if committed by adults includes a cross-reference to all of the affirmative defenses that would be available to adults.

■ In so holding, we are aware of a possible anomaly in

[ 464 ]

our statutes. An adult criminal defendant who is found not guilty because of mental disease or defect does not necessarily go free. The possibilities include outright discharge, ORS 161.329; release on supervision, ORS 161.335; and commitment to a mental hospital, ORS 161.340. In the juvenile context similar alternatives do not exist. ORS 419.476(1)(a) is phrased as a jurisdictional statute; therefore, the court's only alternative, if a juvenile prevails on an insanity defense, is to decline to assume jurisdiction under ORS 419.476(1)(a).

But this possible anomaly does not lead us to the conclusion that insanity is irrelevant in an ORS 419.476(1)(a) case primarily because we are persuaded it would be a substantially greater anomaly to deny an affirmative defense to a juvenile that would be available to a similarly situated adult.

■ Moreover, we note that the possible anomaly can be minimized by resort to ORS 419.476(1)(c) and ORS 419.500. The former section authorizes juvenile court jurisdiction over a child "[w]hose behavior, condition or circumstances are such as to endanger his own welfare or the welfare of others"; the latter section provides that the juvenile court, "on motion of an interested party or on its own motion, may at any time direct that the petition be amended." Under these statutes, a case that started as an ORS 419.476(1)(a) proceeding could, after the successful assertion of mental disease or defect, be converted into an ORS 419.476(1)(c) proceeding.[3]

■ Although it ruled insanity was irrelevant, the juvenile court allowed both sides to present expert testimony, by way of an offer of proof, on the juvenile's mental health at the time of the commission of the acts in question. The remaining question is whether the

---

[3]The primary distinction between adjudication under ORS 419.476(1)(a) and ORS 419.476(1)(c) is that only an ORS 419.476(1)(a) adjudication may result in placement in a "juvenile training school" such as MacLaren School. *See,* ORS 419.509.

juvenile established this affirmative defense by a preponderance of the evidence — the same standard applied to adults. ORS 161.055(2); *State v. Dyer,* 16 Or App 247, 514 P2d 363, 518 P2d 184, Sup Ct *review denied* (1974).

On de novo review,[4] we hold that he did not, but see no value to be served by detailing the conflicting expert opinions. Suffice it to say that one expert was certain that the juvenile could understand the nature of his actions and did not lack substantial capacity to conform his conduct to the requirements of the law, but that two experts, in general and sometimes equivocal terms, tended to be of the opposite opinion.

The juvenile was entitled to have his affirmative defense considered. It has been considered. It has not prevailed. Thus, we approve the juvenile court's ultimate disposition, even though its threshold legal ruling was erroneous.

Affirmed.

Foley, J., concurs in the result.

---

[4] ORS 419.561(4); *State ex rel Juv. Dept. v. Johnson,* 11 Or App 313, 501 P2d 1011 (1972), Sup Ct *review denied* (1973).