Argued and submitted September 27, 1991, jurisdiction determination affirmed; remanded for reconsideration of motion for alternative disposition January 8, 1992

In the Matter of
Alec D. Bishop, Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

Alec BISHOP,
*Appellant.*

(8710-82736; CA A65418)

823 P2d 1012

Martin W. Reeves, Portland, argued the cause for appellant. With him on the brief was Reeves, Kahn & Eder, Portland.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Child was determined to be within the jurisdiction of the juvenile court for acts which, if committed by an adult, would constitute first degree rape. ORS 163.375(1)(b); ORS 419.476(1)(a). The issue is whether the court erred in denying child's motion for alternative disposition.[1]

Before the jurisdictional proceeding, child's attorney filed a motion to dispose of the case without criminal prosecution, seeking to have the case resolved by some alternative means, such as an informal disposition agreement, ORS 419.635, amendment of the petition so that it would only allege dependency, conditional postponement of prosecution or dismissal of the petition at the completion of probation. The motion was not then either granted or denied.

At the jurisdictional proceeding, the evidence showed that, at the age of 12, child had on two occasions engaged in sexual intercourse with his sister, who was then 10 years old.[2] After finding child within its jurisdiction, the juvenile court denied his earlier motion on the ground that the court was without authority to impose an alternative disposition after a contested hearing. Child was placed on formal probation for two years. On appeal, he challenges the denial of his motion for alternative disposition.

A juvenile delinquency proceeding is not a criminal prosecution. *State v. Turner*, 253 Or 235, 238, 453 P2d 910 (1969). In juvenile proceedings, the court has "greater flexibility" to dispose of cases in a manner that gives primary consideration to the welfare of the child. *State v. McMaster*,

---

[1] We do not discuss child's second assignment of error, which is without merit.

[2] The history of a case is certainly one of the factors that a juvenile court may consider in determining whether some alternative disposition is appropriate. Child's younger sister had earlier been found to be within the jurisdiction of the juvenile court because of alleged physical abuse by the childrens' stepfather. At her dependency hearing, the sister testified that she had twice had intercourse with her brother. The state agreed with sister's counsel that child should not be penalized for his behavior. The court requested that child's parents get counseling for child. However, the parents did not act on that request. The record suggests that child's "prosecution" was viewed as a means by which the parents' apparent lack of cooperation could be avoided. One witness testified that, in order to ensure treatment for child, the court needed "some leverage" or "some way in which to hold something over [child], in order to keep him in treatment." The prosecutor agreed with that assessment.

259 Or 291, 297, 486 P2d 567 (1971).[3] Although the juvenile court's discretionary power to fashion appropriate remedies is not limitless, ORS 419.474(2) directs that a child who has come within the court's jurisdiction should receive care, guidance and control that promote the child's welfare and is in the public's best interests.[4] Toward that end, the juvenile court "may modify or set aside any order made by it," ORS 419.529(1), may amend a petition *sua sponte* or on the motion of an interested party, ORS 419.500(1); *State ex rel Juv. Dept. v. Gates*, 96 Or App 365, 371, 774 P2d 484, *rev den* 308 Or 315 (1989), and may, in appropriate cases, dismiss a petition "at any stage of the proceedings." ORS 419.482(5). The phrase "any stage" encompasses the post-adjudicative stage, so long as the juvenile court has continuing jurisdiction over the child.

The state argues that the juvenile court's authority to dismiss a petition at any stage of the proceedings "does not authorize dismissal for *any* reason or over *any* objection that a party might assert." (Emphasis the state's.) That misconstrues the issue. Although the court has an obligation to give due consideration to the reasons for alternative disposition and the objections thereto, it is still within the judge's discretion to order a disposition that is suited to the individual case. For example, if the court finds that a particular case is appropriate for alternative disposition, including the dismissal of the petition upon completion of probation, it may act accordingly. ORS 419.482(5). Similarly, if the court is presented with a delinquency petition, it may amend the petition to allege dependency. *See, e.g., State ex rel Juv. Dept. v. LJ*, 26 Or App 461, 465, 552 P2d 1322 (1976).

The state argues that *State ex rel Juv. Dept. v. Gillman*, 80 Or App 570, 574, 723 P2d 341 (1986), lists all of the "categories of cases" in which dismissal of a petition is

---

[3] In *Shrewsbury v. Larson*, 52 Or App 81, 86, 627 P2d 910, *rev den* 291 Or 368 (1981), we concluded that "the legislature intended the [juvenile] court to have substantial flexibility in dealing with a child who has become a ward of the court. This flexibility relates not only to the original disposition of the child, but to the ongoing care and treatment through the court's continuing jurisdiction."

[4] The state complains that the child's proposals for alternative disposition "define his 'welfare' and his 'needs' too narrowly and fail to take into account 'the best interest[s] of the public.' " The proper disposition of this case is a matter for the court, not the parties.

authorized. It then points out that this case does not fall within any of those categories. The state also contends that, because the juvenile court in *Gillman* lacked authority to dismiss a petition *before* adjudication, the court in this case lacked authority to dismiss the petition *after* adjudication. Those arguments rest on faulty logic and a serious misreading of *Gillman*, in which we held only that the juvenile court should not have dismissed a petition after a preliminary shelter care hearing and before an adjudicatory hearing on whether the court should assert jurisdiction, because early dismissal of the petition deprived the state of its opportunity to investigate the case and present its evidence. 80 Or App at 575. Here, the state was not denied that opportunity.

■■    Finally, the state argues that, once it has proved the allegations of a petition, if there is no basis for challenging the *merits* of the adjudication, the court would be acting in an "arbitrary" fashion if it dismissed the petition or modified a dispositional order. We disagree. Challenging the merits of the adjudication is not a statutory prerequisite to the court's determination that, for example, an alternative *disposition* is appropriate for the individual child. *See* ORS 419.505. All of the parties may agree that child committed the acts that brought him within the jurisdiction of the court. However, a juvenile court may, in the proper exercise of its discretion, determine that the case should be resolved in a manner different from that urged by any of the parties.

The trial court erred in concluding that it lacked authority to proceed with an alternative disposition. Accordingly, we remand for the court to determine whether any alternative is appropriate in this case.[5]

Jurisdictional determination affirmed; remanded for reconsideration of motion for alternative disposition not inconsistent with this opinion.

---

[5] Because child's appeal presents only the question of whether a juvenile court has the authority to impose some alternative disposition after a jurisdictional finding, we do not address the state's speculations as to which alternative might be resorted to on remand and what effect, if any, particular alternatives would have on the expunction of child's juvenile court records.