Argued and submitted February 12, reversed and remanded June 16, 1993

In the Matter of
David Eichler, a Child.

## STATE ex rel JUVENILE DEPARTMENT OF MULTNOMAH COUNTY,
*Appellant,*

*v.*

David EICHLER,
*Respondent.*

(9108-82565; CA A73625)

854 P2d 493

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Gregg T. Sylvester, Portland, argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

**RIGGS, J.**

■     In this juvenile court proceeding, the state appeals the dismissal of its delinquency petition and the court's finding of jurisdiction on the basis of child's admission to a dependency petition. ORS 419.476(1). The state argues that the juvenile court erred because it acted before the facts alleged in the delinquency petition were adjudicated and thus denied the state its day in court on the ultimate issues of the case. Whether the juvenile court had the authority to dismiss the petition is a question of law. *See State ex rel Juv. Dept. v. Bishop*, 110 Or App 503, 823 P2d 1012 (1992); *State ex rel Juv. Dept. v. Gillman*, 80 Or App 570, 723 P2d 341 (1986). We reverse.

On October 7, 1991, the state filed a petition under ORS 419.476(1)(a), alleging that child was within the jurisdiction of the juvenile court, because he was under the age of 18 and had committed an act, which if done by an adult, would constitute a violation of the law of Oregon. On October 22, 1991, Dr. Card, a psychologist, evaluated child and submitted a report to the juvenile court indicating that child admitted the conduct alleged in the state's petition. The gist of Card's report is that this was probably the first time child had engaged in such activity. Card also indicated that child was experiencing a great deal of stress and opined that child "does not appear to be at high risk for offending. However, without treatment or intervention, this risk is only temporarily reduced." Card concluded by making specific treatment recommendations.

Bodine, a juvenile court counselor, also prepared a report for the court concerning child. Bodine observed that child had had no prior referrals to the juvenile court and indicated strong parental support for treatment for child, as well as excellent cooperation from both child and his parents. Bodine recommended an alternative disposition to the delinquency petition, including components that recognized the need for community protection, accountability for child and skill-building counseling and techniques. The treatment program would take the form of a "contract" between child and the juvenile court. The "contract" would extend over two years and if child violated the terms of the agreement he could be re-referred for delinquency prosecution.

A hearing was scheduled for December 4, 1991, for entry of a plea to the state's delinquency petition. However, child did not enter a plea at that time. Instead, child moved for postponement of the hearing when the juvenile court made it clear that it would not approve the "contract" as proposed by Bodine. The state opposed the postponement, but the court granted the motion.

On December 11, 1991, child moved to dismiss the state's delinquency petition and submitted a memorandum in support of that motion. On that date, child also filed a dependency petition pursuant to ORS 419.476(1)(c). In his petition, child alleged the same conduct that the state alleged in the delinquency petition. Child also alleged that his "behavior, conditions and circumstances are such as to endanger his welfare or the welfare of others." At a December 23, 1991, hearing, the juvenile court granted child's motion and dismissed the state's petition without prejudice, and found jurisdiction over child on the basis of his admission to the allegations of the dependency petition.

■ The state relies on *State ex rel Juv. Dept. v. Gillman, supra*, as support for its argument that the juvenile court did not have the authority to dismiss the delinquency petition before an adjudicatory hearing on the merits of that petition. That reliance is misplaced. In *Gillman*, the juvenile court entered an order dismissing the state's petitions after a shelter care hearing to determine whether the children should be placed in temporary care pending a determination on the merits of the petitions. We said that, although ORS 419.482(5) authorizes a juvenile court to dismiss a petition "at any stage of the proceeding," the dismissal of the petitions there was improper, because it effectively was an adjudication of the merits before the state had an opportunity to investigate the case and present evidence to support the allegations made in the petitions, which remained unresolved after the shelter care hearing. As we pointed out in *State ex rel Juv. Dept. v. Bishop, supra, Gillman* does not stand for the proposition that an adjudicatory hearing must be held before a petition can be dismissed. We said:

"[In *Gillman,*] we held only that the juvenile court should not have dismissed a petition after a preliminary shelter care hearing and before an adjudicatory hearing on whether the

court should assert jurisdiction, because *early dismissal of the petition deprived the state of its opportunity to investigate the case and present its evidence.* * * * Here, the state was not denied that opportunity." 110 Or App at 507. (Emphasis supplied; citation omitted.)

The state must have the opportunity to investigate and present its case before its petition is dismissed, but that opportunity need not include a complete adjudication of the allegations as the state argues.

Having clarified what is required before a juvenile court may exercise its authority and dismiss a petition, we find that the record does not indicate whether the state had an opportunity to present its case before its petition was dismissed. It is clear that the state had completed its investigation and was prepared to present its case to the juvenile court. Child argues that the state had already presented its case in the form of written reports by police and counselors and memoranda of the legal issues, and that the presentation at the hearing would have repeated that same evidence. Child may be correct; the only specific evidence that the state complains it had no opportunity to present was the testimony of the three-year-old victim, but the state does not indicate that that testimony would have proved anything that child had not already admitted. However, we find nothing in this record that allows us to conclude that the state's case consisted of only the reports and other documents already before the court and the victim's testimony. The record does not clearly show that the state had an opportunity to present its case, whether in the form of an offer of proof or some other summary of its evidence and what it would prove.

Reversed and remanded.