Argued and submitted January 14, reversed and remanded May 11, petition for
review allowed October 18, 1994 (320 Or 272)

In the Matter of M. T., a Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Appellant,*

*v.*

M. T.,
*Respondent.*

(8605-80305; CA A78160)

874 P2d 836

Michael C. Livingston, Assistant Attorney General, argued the cause for appellant. With him on the briefs were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Peter Miller argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

The state appeals from a juvenile court order that granted a "conditional postponement." It contends that the court had no authority to enter that type of order.[1] Child argues that the order is not an appealable order. We address that issue first.

On July 30, 1992, the stated filed a petition under *former* ORS 419.476(1)(a), alleging that child was within the jurisdiction of the juvenile court, because he was under the age of 18 and had committed an act which, if done by an adult, would constitute sodomy in the first degree. ORS 163.405-(1)(c). During a hearing on November 18, 1993, child submitted a document entitled "Order Accepting Conditional Postponement Between The Minor and The State." The document provides, *inter alia*, that child admits to five counts of sodomy in the first degree and that, if child complies with certain conditions for 36 months, the state will drop the charges against him. The document is signed by child and his attorney but is not signed by a representative of the district attorney's office, a judge or the juvenile referee.

The juvenile referee then entered an Order and Disposition, which includes these findings:

> "This matter came before the court for a hearing on a petition, dated July 30, 1992, alleging five counts of Sodomy in the First Degree. The court advised the child of his rights, including his right to trial. The court further advised the child of the maximum penalties possible on the charges. The court found that the child understood his rights in this matter and that he freely and voluntarily waived those rights and admitted to five counts of Sodomy in the First Degree.

> "There was a dispute over disposition. The Juvenile Court Counselor, child, and the treatment professionals

---

[1] After the juvenile referee entered the order, the district attorney sought a rehearing in the circuit court, pursuant to *former* ORS 419.581(7) and (8). The circuit court entered an order denying the request for rehearing. That ruling has not been assigned as error on appeal.

All of the statutes applicable at the time of the proceedings have since been repealed, *see* Or Laws 1993, ch 33, and most of them have been reenacted and renumbered. *See, e.g.*, ORS 419C.239.

were recommending a conditional postponement. The District Attorney was recommending probation. The court granted a conditional postponement."

The Order and Disposition then recites:

"The Court being fully advised in the premises:

"NOW THEREFORE, IT IS ORDERED AND ADJUDGED; that

"1. The child has admitted to five counts of Sodomy in the First Degree.

"2. The court will postpone imposing disposition until November 18, 1995, with the terms of the conditional postponement as follows:

"Obey all laws;
"Obey the directions of the Juvenile Court Counselor;
"Obey the rules of parents or guardians;
"Abstain from the use of alcohol or drugs;
"Have no contact with [the victim];
"Have no unsupervised contact with females 12 years of age or younger;
"Complete sex offender treatment;
"Complete any other counseling as directed by the Juvenile Court Counselor.

"3. The State may request a review hearing every six months.

"4. The temporary commitment of the child to Children's Services Division is terminated.

"5. Any appointment of a CASA is terminated."

Child contends that the Order and Disposition is not final and, thus, not appealable. The state's response is that the order is final and, thus, is appealable under *former* ORS 419.561(1) or under subsection (7)(a) of that statute as "[a]n order made prior to an adjudicatory hearing dismissing or setting aside a delinquency petition[.]"

We dispose of the state's second argument first. The order does not dismiss or set aside the petition. Rather, it purports to grant a "conditional postponement of disposition" for 36 months and upon the fulfillment by child of certain conditions. Because the Order and Disposition is not an order "dismissing or setting aside" the petition, it is not appealable under *former* ORS 419.561(7)(a).

*Former* ORS 419.561(1) provided:

> "Except as provided in ORS 419.578, any person whose right or duties are adversely affected by a final order of the juvenile court may appeal therefrom. An appeal from a circuit court shall be taken to the Court of Appeals, and an appeal from a county court shall be taken to the circuit court."[2]

The state is a "person" within the meaning of *former* ORS 419.561(1), and child does not argue otherwise. *See State ex rel Juv. Dept. v. Gates*, 96 Or App 365, 774 P2d 484, *rev den* 308 Or 315 (1989). Rather, child contends that the Order and Disposition is not final because

> "[the order] * * * simply sets conditions pending a final disposition. If the minor successfully completes the conditions, then the court will dismiss the petition finally. If the minor violates or fails to perform a condition, then the court will hold a hearing regarding said violation or failure and either continue the 'conditional postponement' or proceed to some other disposition, which, based upon the child's prior admissions and waiver of trial rights, could be probation or commitment to the state training school. Those later court events of dismissal of the petition or final disposition of probation or commitment would be final orders."

We look to the "nature, substance and effect" of the hearing and order to determine appealability. *State ex rel Juv. Dept. v. Nagle*, 36 Or App 237, 240, 584 P2d 338 (1978). The order here reflects a decision by the juvenile court as to the proper care, custody and control of child for a proposed three-year period. That child might not abide by the conditions or that the court might change the conditions at some future time does not mean that the order is not final. Most juvenile court orders that affect the rights and duties of a child, parents or interested governmental agencies are subject to

---

[2] *Former* ORS 419.578 provided:

"Except as provided in ORS 153.585(1), proceedings in adult criminal court and other juvenile court adjudicatory proceedings based on an act alleged in a petition or citation to have been committed by a child or allegations arising out of the same conduct are barred when the juvenile court judge or referee has begun taking evidence in an adjudicatory hearing or has accepted a child's admission or answer of no contest to the allegations of the petition or citation. This section shall not prevent appeal of any preadjudicatory order of the court which could be appealed in a criminal case, including, but not limited to, an order suppressing evidence."

modification or change at any stage of the proceeding.[3] *State ex rel Juv. Dept. v. Bishop*, 110 Or App 503, 823 P2d 1012 (1992); *State ex rel Juv. Dept. v. Nagle, supra*, 36 Or App at 240. Although the order contains no finding that child is within the jurisdiction of the court, the conditions imposed have a profound impact on child and his family. In addition, the order significantly impacts the rights, duties and responsibilities of various governmental agencies concerned with the welfare of child, as well as the present and future protection of the community. We conclude that the order is appealable. Pursuant to *former* ORS 419.561(1), the state is authorized to appeal from the order.

■      Child next argues that we cannot reach the merits of the order because there is no record of the proceedings before the referee. Child is correct that the proceedings were not recorded. However, the order states:

> "There was a dispute over disposition. The Juvenile Court Counselor, child and the treatment professionals were recommending a conditional postponement. The District Attorney was recommending probation. The court granted a conditional postponement."

The state's sole argument on appeal is that the court lacked authority to enter the order. The order and the court's recitation of the state's position at the hearing constitute a sufficient record for purposes of this appeal.

■      As to the merits, the state argues that the referee had no authority to enter the Order and Disposition because "the referee did not find nor does the order state that the child is within the jurisdiction of the juvenile court." Child concedes that there has been no jurisdictional finding by the court and that "the disposition in this case is not a disposition pursuant to ORS 419.507." Instead, child argues that, because the juvenile court can dismiss the petition at any stage of the proceedings, *former* ORS 419.482(5), it "must have authority to require or approve the agreement of the child to perform certain conditions prior to dismissal at a future date."

---

[3] *Former* ORS 419.529(1) provided:

"Except as provided in this section, the court may modify or set aside any order made by it upon such notice and with such hearing as the court may direct."

We disagree with child's characterization of the order. It is not an order of dismissal made pursuant to *former* ORS 419.482(5). Rather, the order invokes a complex set of conditions that must be met over a three-year period in which the court will have continuing jurisdiction to review child's progress at least every six months. The order requires the completion of sex offender treatment and draws heavily on the resources of the county juvenile department for supervision, protection of the community and treatment of child. Dismissal of the petition will occur, if at all, when all of the conditions have been completed by child.

Nothing in the juvenile code contemplates that the court can exercise such profound control of a child's life, or order such a significant commitment of governmental resources to the care and control of a child, without first obtaining jurisdiction over that child. Were that not the case, a court would be free to conclude that, even though the state has not proved the allegations in a petition, it may refuse to dismiss the petition until the child had met certain court-imposed conditions. We cannot conceive that the legislature intended the juvenile court to operate in that fashion.

The order has all the earmarks of a dispositional order pursuant to *former* ORS 419.507. However, a predicate to the entry of a dispositional order is a finding that a child is within the jurisdiction of the court. The court made no such finding here. In the absence of a jurisdictional finding, the order must be reversed and the case remanded.

Reversed and remanded.