Argued and submitted March 6, decision of the Court of Appeals vacated and case remanded to the Court of Appeals with instructions August 10, 1995

In the Matter of M. T., a Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent on Review,*

*v.*

M. T.,
*Petitioner on Review.*

(CC 8605-80305; CA A78160; SC S41466)

899 P2d 1192

420

Peter Miller, Portland, argued the cause and filed the brief for petitioner on review.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Lynn M. Travis, Kathryn Worden Underhill, and Ellen K. Jones, Portland, filed a brief on behalf of *amicus curiae* Juvenile Rights Project.

GILLETTE, J.

## GILLETTE, J.

In this juvenile delinquency case, we are asked to determine whether a specific "order," entered by a Multnomah County Juvenile Court referee and granting child a "conditional postponement" of his delinquency hearing, is subject to appeal. The Court of Appeals held that the order had "all the earmarks of a [final] dispositional order pursuant to *former* ORS 419.507"[1] and was, therefore, appealable. *State ex rel Juv. Dept. v. M. T.*, 128 Or App 25, 31, 874 P2d 836 (1994). The Court of Appeals then reversed the referee's order granting the "conditional postponement" and remanded the matter to the juvenile court for a finding of jurisdiction over the child. *Id.* On review, we conclude that the order was not appealable. We therefore vacate the decision of the Court of Appeals.

On July 30, 1992, the state filed a delinquency petition against child, alleging that he had committed five acts that, if committed by an adult, would have constituted sodomy in the first degree. At the dispositional hearing, held on November 18, 1992, child and his lawyer submitted to the referee a signed document entitled "Order Accepting Conditional Postponement Between the Minor and State." In that document, child acknowledged that: (1) he was a minor child who lived within the county; (2) he had a lawyer; (3) he understood the charges against him; (4) he understood that he had the right to a speedy trial, to confront witnesses, to present witnesses of his own, and to choose not to testify; (5) he and his lawyer had signed the document; and (6) he understood that by signing the document he was admitting to the charges and giving up his rights to a trial. Paragraph (7) of the document provided:

> "I agree to admit to the charge(s). In exchange, the court agrees to give me a chance to have the charge(s) against me dropped. I know that if I follow all of the conditions in this conditional postponement for 36 months, the State will drop

---

[1] Oregon's Juvenile Code was revised and recodified by the legislature in 1993. Or Laws 1993, ch 33. The juvenile code statutes relevant to this appeal survived the 1993 revision, however, and were recodified as part of the new Juvenile Code. Apart from their recodification, and renumbering, they remain substantially unchanged. Because the facts of this case arose before the 1993 recodification, we apply the statutes in effect at that time. Current statute numbers for the relevant provisions will be noted in footnotes.

the charge(s) against me, but if I don't follow those conditions, I know that the admission will turn into a conviction on my record."

The rest of the document stated the conditions that the child agreed would be attached to the conditional postponement. They were: (1) "Obey school attendance laws and other school rules" and (2) "Comply with offense-specific Case Management." The referee adopted and signed child's proposed order.

Although the dispositional proceeding was not recorded, a second order of the referee, referred to in a notation to the child's proposed order, summarizes what occurred:

> "This matter came before the court for a hearing on a petition, dated July 30, 1992, alleging five counts of Sodomy in the First Degree. The court advised the child of his rights, including his right to trial. The court further advised the child of the maximum penalties possible on the charges. The court found that the child understood his rights in this matter and that he freely and voluntarily waived those rights and admitted to five counts of Sodomy in the First Degree.

> "There was a dispute over disposition. The Juvenile Court Counselor, child, and the treatment professionals were recommending a conditional postponement. The District Attorney was recommending probation. The court granted a conditional postponement."

*In the Matter of MT*, No. 8605-80305 (REF 40) (Order and Disposition, November 24, 1992). The order of the referee then announced:

> "The court will postpone imposing disposition until November 18, 1995, with the terms of the conditional postponement as follows:

> "Obey all laws;
> "Obey all directions of the Juvenile Court Counselor;
> "Obey the rules of parents or guardians;
> "Abstain from the use of alcohol or drugs;
> "Have no contact with [another particular minor];
> "Have no unsupervised contact with females 12 years of age or younger;
> "Complete any other counseling as directed by the Juvenile Court Counselor."

The referee's order also allowed the state to request a review hearing every six months and terminated temporary commitment of child to the Children's Services Division (CSD).

On November 20, 1992, after the hearing but before the order was signed, the district attorney filed a "Request for Rehearing" before the juvenile court judge pursuant to *former* ORS 419.581(6)-(7) (1981),[2] and 419.561(7)(a) (1991) (set out *post*). The request was denied. The state appealed the referee's order of "conditional postponement" to the Court of Appeals. In doing so, it did not assign the ruling on its request for rehearing as error. As noted, the Court of Appeals held that the referee's order of conditional postponement was a "final order" appealable under *former* ORS 419.561(1) (1991). We allowed review to address the important jurisdictional question presented.

■    The right of appeal, and the procedures for appeal, are statutory. *See Henry and Henry*, 301 Or 185, 188, 721 P2d 430 (1985) (right to appeal springs from statute); *Higgins v. Fields*, 150 Or 528, 534, 47 P2d 235 (1935) (appellate court has only such authority and jurisdiction as is conferred upon it by statute). The dispositional question in this case is: Does any statute authorize the present appeal?

Special statutes govern appeals in juvenile cases. At the time in question, both *former* ORS 419.561(1) and (7) spoke to the issue of appellate court jurisdiction of appeals from juvenile court. Our initial task is to determine whether either or both of those statutory subsections conferred jurisdiction on the Court of Appeals to hear and decide this case. *See Meyer v. Joseph*, 295 Or 588, 590, 668 P2d 1228 (1983) (appellate courts have duty to examine jurisdiction to hear case). If either subsection conferred jurisdiction on the Court of Appeals, then this court has jurisdiction to review the

---

[2] *Former* ORS 419.581 (1981) (now revised and codified as ORS 419A.150) provided in relevant part:

"(6) A judge of the juvenile court may, on own motion, order a rehearing of any matter heard before a referee.

"(7) At any time prior to the expiration of 10 days after notice of the order and findings of a referee, a child, the parent, guardian or other person appearing in behalf of the child or the petitioner may apply to the juvenile court for a rehearing. The application may be directed to all or to any specified part of the order or findings."

decision of that court. ORS 2.520. If we determine that the Court of Appeals did not have jurisdiction, we must vacate that decision. As discussed below, we hold that, whatever appellate rights the legislature initially may have provided to the state by *former* ORS 419.561(1), the legislature superseded those rights when it enacted the more specific *former* ORS 419.561(7). Under *former* ORS 419.561(7), the Court of Appeals did not have jurisdiction to review the order at issue in this case. We now turn to those statutes.

■ ■     When interpreting a statute, this court's task is to discern the intent of the legislature. ORS 174.020; *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). We first analyze the text and context of the statute. If the intent is clear from the text and context, further inquiry is unnecessary. If, however, the intent of the legislature is not clear from the text and context of a statute, the court will proceed to the second level of analysis, which is to consider the legislative history of the statute. *Id.* 317 Or at 611-12.

The text of *former* ORS 419.561(1)[3] granted to "any person whose right or duties are adversely affected by a final order of the juvenile court" a general right of appeal "[e]xcept as provided in ORS 419.578." *Former* ORS 419.578 (1979)[4] provided:

"Except as provided in ORS 153.585(1),[5] proceedings in adult criminal court and other juvenile court adjudicatory proceedings based on an act alleged in a petition or citation to have been committed by a child or allegations arising out of the same conduct are barred when the juvenile court judge or referee has begun taking evidence in an adjudicatory hearing

---

[3] *Former* ORS 419.561(1) (1991) (now codified as ORS 419A.200(1)), provided:

"Except as provided in ORS 419.578, any person whose right or duties are adversely affected by a final order of the juvenile court may appeal therefrom. An appeal from a circuit court shall be taken to the Court of Appeals, and an appeal from a county court shall be taken to the circuit court."

[4] Now codified as ORS 419A.190.

[5] That exception is not relevant to this case. ORS 153.585(1) provides:

"*Notwithstanding* ORS 131.505 to 131.535, if a person commits both a crime and a traffic infraction as part of the same criminal episode, the prosecution for one offense shall not bar the subsequent prosecution for the other. However, evidence of the first conviction shall not be admissible in any subsequent prosecution for the other offense."

or has accepted a child's admission or answer of no contest to the allegations of the petition or citation. *This section shall not prevent appeal of any preadjudicatory order of the court which could be appealed in a criminal case, including, but not limited to, an order suppressing evidence."*

(Emphasis supplied.) Together, those statutes are far from clear. *Former* ORS 419.561(1) appears to grant a general right of appeal from final orders of the juvenile court to "persons" whose rights or duties are adversely affected by an order. As noted, the Court of Appeals held that an appeal in the present case was permissible under *former* ORS 419.561(1). That right, however, is limited by reference to *former* ORS 419.578.

The relationship of *former* ORS 419.578 to *former* ORS 419.561(1) is somewhat disjointed. Apart from the last sentence of *former* ORS 419.578, which purports to preserve the right to appeal certain preadjudicatory orders of the juvenile court, the section does not speak in terms of "appeals" at all. Instead, it bars "proceedings" in adult or juvenile court, once a juvenile court has begun taking evidence·in, or has accepted a juvenile's admission in, a case involving the same acts or conduct, *i.e.*, it is a statutory *former jeopardy* provision. Presumably, the exception in *former* ORS 419.461(1) for what was "provided in [*former*] ORS 419.578" was, therefore, simply a reminder that the state's ability to appeal was subject to traditional former jeopardy rules.

Whatever ambiguities may exist in or between *former* ORS 419.561(1) and 419.578, however, turn out to be irrelevant, because there is another statutory subsection that specifically speaks to appeals in delinquency cases like the present one.

*Former* ORS 419.561(7)[6] provided:

"In a juvenile proceeding, the state may take an appeal from the order of a judge or referee from:

"(a) An order made prior to an adjudicatory hearing dismissing or setting aside a delinquency petition;

---

[6] Now codified as ORS 419A.200(7).

"(b) An order made after an adjudicatory hearing in which the juvenile is found to be within the jurisdiction of the court, setting aside the petition for delinquency;

"(c) An order made prior to an adjudicatory hearing suppressing or limiting evidence or refusing to suppress or limit evidence; or

"(d) An order made prior to an adjudicatory hearing for the return or restoration of things seized."

*Former* ORS 419.561(7) was enacted after both *former* ORS 419.561(1) and 419.578. Or Laws 1983, ch 815, § 14. The substantive rights provided in the text of that statute are specific and clear. Our task is to determine whether the legislature intended *former* ORS 419.561(7) to supersede *former* ORS 419.561(1) and 419.578 with respect to the state's right to appeal. We hold that it did.

The specificity of *former* ORS 419.561(7) demonstrates the legislature's intent to supersede *former* ORS 419.561(1) with respect to state appellate rights in delinquency proceedings. *Former* ORS 419.561(7) specifically limits the *state's* right to appeal in delinquency cases to four enumerated areas. When a general statute and a specific statute both purport to control an area of law, this court considers the specific statute to take precedence over an inconsistent general statute related to the same subject. The specific statute is considered an exception to the general statute. *Smith v. Multnomah County Board of Commissioners,* 318 Or 302, 309, 865 P2d 356 (1994); *Colby v. Larson,* 208 Or 121, 126-27, 297 P2d 1073 (1956). In addition, *former* ORS 419.561(7)(b) *limits* appeals of postadjudicatory final orders to those "setting aside the petition for delinquency" and, thus, *contradicts* the general right to appeal from "final orders" of the court. The legislature itself has indicated how we should interpret inconsistent statutes. ORS 174.020 provides:

"In the construction of a statute the intention of the legislature is to be pursued if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent shall control a general one that is inconsistent with it."

Despite the specificity of the text, the state argues that the legislature did not intend to limit *former* ORS

419.561(1) when it enacted *former* ORS 419.561(7). It argues that the latter statute is not "inconsistent" with the former and did not alter the state's general right to appeal. In the face of the specificity of the text, we find that argument unpersuasive.

■     We hold that *former* ORS 419.561(7) fully enumerated the orders subject to appeal by the state in delinquency proceedings. We now turn to the question whether jurisdiction for the present appeal existed under that statute.

The order in the present case was issued after a disposition hearing, but before the court found child to be within the jurisdiction of the juvenile court. Because paragraph (b) of *former* ORS 419.561(7) applies only to "[a]n order made after an adjudicatory hearing in which the juvenile is found to be within the jurisdiction of the court," it is inapplicable. Paragraphs (a), (c), and (d) provide rights to appeal certain "order[s] made prior to an adjudicatory hearing." Although those provisions might conceivably apply to the present order, closer scrutiny shows that they do not.

Paragraph (a) applies to an order "dismissing" or "setting aside" a delinquency petition. Neither of those forms of disposition occurred here. For the duration of the three-year "postponement" order, child's petition was to remain pending before the court. If child were to get into any trouble — either at home or at school — the referee was prepared to take up child's delinquency petition and exercise his continuing authority to assume jurisdiction over the child. Paragraph (c) does not apply to this case, because the order of postponement did not pertain to evidence. Paragraph (d) also is inapplicable, because the order was not "for the return or restoration of things seized."

It follows from the foregoing that the preadjudicatory postponement order at issue in this case is not subject to appeal under *former* ORS 419.561(7). Because that statute provides the exclusive rights to appeal by the state in juvenile delinquency proceedings, we also conclude that the Court of Appeals did not have jurisdiction to review the order of the juvenile court referee on direct appeal.[7]

---

[7] Our holding is limited to whether an appeal may be taken from a juvenile court order of the type involved in this case. We express no opinion as to whether there are

The decision of the Court of Appeals is vacated. The case is remanded to the Court of Appeals with instructions to dismiss the appeal.

---

other means by which the juvenile court referee's order in this case could have been challenged.