Argued and submitted April 20, reversed and remanded September 6, 1995

In the Matter of Ernest J. Longhini, III,
aka Tri Longhini, aka Tri Bishop, a Child.

Ernest Joseph LONGHINI, II,
*Appellant,*

*v.*

Erin BISHOP,
*Respondent.*

(91-0671 K4; CA A85157)

901 P2d 962

George W. Kelly argued the cause and filed the brief for appellant.

No appearance for respondent Erin Bishop.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Father appeals from a judgment that dismissed his petition for the court to exercise jurisdiction and award him temporary custody of child. He also appeals the denial of his request for court-appointed counsel under *former* ORS 419.498(2)(d) (repealed by Or Laws 1993, ch 33, § 373). We review *de novo*, ORS 419A.200(5), and reverse.

On August 26, 1992, father filed a "petition for acceptance of jurisdiction and immediate temporary custody of child" in Jackson County Juvenile Court. He also filed a motion to disqualify Judges Merryman and Sawyer from the case, which was granted that day. *See* ORS 14.250. Father later filed an amended petition in which he alleged that it was in child's best interest to award him temporary custody, because, *inter alia*, the child was being sexually abused and neglected by mother, who had been awarded custody of child when he and mother divorced.[1] On September 21, 1992, the court entered an order that dismissed the petition,[2] but withdrew that order on November 17, 1992. The court first dismissed the petition, pursuant to *former* ORS 419.482(5) (repealed by Or Laws 1933, ch 33, § 373), because it concluded that "[father had] available to him in the dissolution proceeding an adequate forum for his concerns" and that the juvenile court was not the appropriate forum for the proceeding. When it subsequently set aside the order dismissing the petition, the court concluded that "the availability of another forum in which the petition may be heard * * * is not an appropriate ground for the dismissal of the cause."

On February 18, 1993, father filed an affidavit of indigence and request for appointment of counsel, which Judge Sawyer denied on that same day.[3] On March 24, 1993, the court issued an "order upon completion of preliminary inquiry," pursuant to *former* ORS 419.482(2), which denied

---

[1] Mother (respondent) did not participate in this appeal.

[2] Father appealed that dismissal and filed a petition for a writ of mandamus in the Supreme Court. When the court withdrew its dismissal, we dismissed the appeal, and the Supreme Court declined to issue a writ of mandamus.

[3] The court did not enter a separate order denying father's request for court-appointed counsel. The word "denied" is handwritten on the request form that father submitted and an indecipherable signature follows. Father asserts in his brief that Judge Sawyer signed that denial and there is no evidence to the contrary.

the petition.[4] The court concluded, based on the allegations in the affidavits accompanying the petition, four Children's Services Division (CSD) reports[5] and a review of the record for father's dissolution of marriage,[6] that there was insufficient evidence to support the filing of a petition under *former* ORS 419.476(1)(c) (repealed by Or Laws 1993, ch 33, § 373) or *former* ORS 419.476(1)(e). The court noted that CSD previously had reviewed a number of father's allegations and had determined that filing a petition would not be in the best interest of the child or the public. The court did not hold a hearing before entering its order. Father appealed from that order, and we dismissed the appeal because the order was interlocutory and not appealable. *See Longhini v. Bishop*, 128 Or App 48, 49, 874 P2d 109 (1994). On July 11, 1994, the court entered a judgment that dismissed the petition, and father now appeals from that judgment.

Father assigns error to the dismissal of his petition and denial of his request for court-appointed counsel. In his first assignment, he asserts that, once a petition has been filed under *former* ORS 419.482(1), the court must hold a hearing before it may dismiss the petition, citing *former* ORS 419.486(3) and *State ex rel Juv. Dept. v. Gillman*, 80 Or App 570, 723 P2d 341 (1986). In his second assignment, he asserts that it was reversible error for Judge Sawyer to deny his request for appointed counsel, because Judge Sawyer previously had been recused from the case.

*Former* ORS 419.482 provided:

"(1) Any person may file a petition in the juvenile court alleging that a child named therein is within the jurisdiction of the court as provided in [*former*] ORS 419.476(1).

---

[4] Judge Shiveley issued that order. Father filed a number of other motions, and the order also denied the motions that the court had not ruled on.

[5] CSD conducted a preliminary inquiry and compiled a report pursuant to court order after father filed his petition, an affidavit and a supplemental affidavit. *See former* ORS 419.486(1) (repealed by 1993 Or Laws, ch 33, § 373), below. CSD conducted a further inquiry and compiled a second report upon the court's request. The court subsequently requested another investigation after father filed an "amended motion." After CSD investigated and produced a report concerning the allegations contained in the motion, the court requested a fourth and final report, which CSD produced.

[6] Jackson County Circuit Court case number 89-2585-D-2.

"(2)   If any person informs the court that a child is or appears to be within its jurisdiction, as provided in [*former*] ORS 419.476 (1), a preliminary inquiry shall be made to determine whether the interests of the child or the public require that further action be taken. Upon the basis of the preliminary inquiry, the court may:

"(a)   Make such informal recommendations to the child and the parent of this child or person having custody of the child as are appropriate in the circumstances;

"(b)   Direct that a petition be filed; or

"(c)   Direct that a juvenile motor vehicle offense be handled as provided in ORS 809.370 or that boating or game offenses be handled as provided in [*former*] ORS 419.535 to 419.541.

"(3)   At any time after a petition is filed, the court may make an order providing for temporary custody of the child.

"(4)   At any time after a petition is filed, the court in the circumstances set forth in [*former*] ORS 419.533 may remand the case to the appropriate court handling criminal actions, or to municipal court.

"(5)   The court may dismiss the petition at any stage of the proceedings."

*Former* ORS 419.482 thus creates two methods for filing a petition for the juvenile court to assume jurisdiction. Any person may file a petition alleging the reasons that the court should assume jurisdiction over a child. *Former* ORS 419.482(1). Alternatively, a court has discretion to direct the filing of a petition after a preliminary inquiry. *Former* ORS 419.482(2)(b). This case involves *former* ORS 419.482(1), because father filed the petition on his own initiative.

■   In addition, *former* ORS 419.486 to *former* ORS 419.505 (repealed by Or Laws 1993, ch 33, § 373) describe the procedures that follow the filing of a petition, including conducting a hearing. *Former* ORS 419.486(1) provided:

"(1)   Promptly after the petition is filed, there shall be an investigation of the circumstances concerning the child. No later than 60 days after the petition is filed, summons *may* be issued.

"* * * * *

"(3) * * * The time for the hearing on the petition shall be fixed at a reasonable time, not less than 24 hours, after the issuance of the summons[.]" (Emphasis supplied.)

The words "there shall be an investigation" in *former* ORS 419.486(1) indicate that an investigation into a child's circumstances must be conducted if a petition is filed. However, the words "may be issued" in *former* ORS 419.486(1) permit, but do not require, issuance of a summons and the holding of a hearing. The provisions of *former* ORS 419.486(2) and *former* ORS 419.486(3) describe the requirements that must be met *if* a summons is issued. In short, *former* ORS 419.486 does not require that a summons be issued or that a hearing be held.

■    In *Gillman*, we addressed the issue of whether *former* ORS 419.482(5) authorized a juvenile court to dismiss a petition before conducting an adjudicatory hearing on the merits. We concluded that the court erred in dismissing the petition after a shelter care hearing, but without an adjudicatory hearing, because

"there were unresolved allegations of abuse which the state should have had an opportunity to investigate and to bring before the court in a hearing on the petitions. Dismissal, on the court's own motion, at that stage of the proceedings was effectively an adjudication on the merits of the petitions that denied the state its day in court on the ultimate issues." 80 Or App at 575-76 (footnotes omitted).

In subsequent cases, we have explained that that language does not create an absolute requirement that a hearing be held before the court dismisses a petition.

In *State ex rel Juv. Dept. v. Bishop*, 110 Or App 503, 823 P2d 1012 (1992), the child moved to dispose of the case without criminal prosecution pursuant to *former* ORS 419.635 (repealed by Or Laws 1993, ch 33, § 373) before the court held a jurisdictional proceeding. After finding that the child was within its jurisdiction, the court denied the motion, because it concluded that it was without authority to impose an alternative disposition after a contested hearing. On the child's appeal of that denial, we explained that the rationale for our holding in *Gillman* was that "early dismissal of the petition deprived the state of its opportunity to investigate the case and present its evidence." 80 Or App at 507. We

concluded that, because the state, which had filed the petition, was not denied an opportunity to investigate or to present evidence, the juvenile court had authority to proceed with an alternative disposition. *Id*.

More recently, in *State ex rel Juv. Dept. v. Eichler*, 121 Or App 155, 854 P2d 493 (1993), the state appealed the dismissal of its delinquency petition without a hearing and the court's finding that it had jurisdiction. We said that "[t]he state must have the opportunity to investigate and present its case before its petition is dismissed, but that opportunity need not include a complete adjudication of the allegations." *Id*. at 159. Because the record did not indicate whether the state had had an opportunity to present its case before the petition was dismissed, we reversed and remanded. *Id*. We specifically noted that nothing in the record allowed us to conclude that the state's case consisted of only the reports, documents and the victim's testimony that the state submitted with its petition. *Id*. Thus, *Gillman, Bishop* and *Eichler* indicate that a juvenile court may dismiss a petition if the record shows that the petitioning party has had an opportunity to investigate and present its case.

■ Here, it is clear that father had completed his own investigation and was prepared to present his case. However, there is no evidence in the record that he had an opportunity to examine or respond to the court-ordered CSD reports. In addition, father had no opportunity to respond to consideration being given to the prior dissolution proceeding. As in *Eichler*, we cannot say that the father's presentation would have consisted of only documents supporting his petition that were already before the court. We thus conclude that the court erred in dismissing the petition without affording father the opportunity to present his case.

■ It was also error for Judge Sawyer to rule on father's request for court-appointed counsel. As a general rule, a judge who has been disqualified from a particular case is without authority to act further in any judicial capacity in that case. *Creel v. Shadley*, 266 Or 494, 497, 513 P2d 755 (1973); *see also State v. Nossaman*, 63 Or App 789, 795, 666 P2d 1351 (1983) (judgment entered by judge who has been disqualified in the manner prescribed by ORS 14.250 and ORS 14.260 is void). Because he had been disqualified, Judge Sawyer had no

authority to rule on father's request for court-appointed counsel.

Reversed and remanded.