Argued and submitted March 13, reversed and remanded June 7, 2000

In the Matter of
Fonte Gladen, a Minor Child.

STATE ex rel JUVENILE DEPARTMENT OF
MULTNOMAH COUNTY,
*Appellant,*

*v.*

Fonte GLADEN,
*Respondent.*

(9111-83473; CA A106212)

7 P3d 574

Robert T. Atkinson, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Peter M. Miller argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LINDER, J.

**LINDER, J.**

In this juvenile proceeding, the state filed a petition alleging that youth committed acts that, if committed by an adult, would constitute the crimes of possession and delivery of a controlled substance. ORS 419C.005; ORS 475.992. The juvenile court ordered the county juvenile department to enter into a formal accountability agreement (FAA) with youth and dismissed the petition. The state appeals. We conclude that the trial court did not have authority to order the juvenile department to enter into an FAA with youth. Accordingly, we reverse and remand.

When a youth has been referred to a county juvenile department for acts giving rise to juvenile court jurisdiction, the juvenile department may, as an alternative to filing a delinquency petition, enter into an FAA with the youth. ORS 419C.230(1). An FAA is a "voluntary contract" between a youth and the juvenile department. ORS 419C.233. In exchange for a youth's promise to fulfill certain conditions, such as counseling, community service, education, treatment, vocational training, or restitution, the juvenile department agrees not to file a petition against the youth. *Id.*; ORS 419C.236.

In this case, the juvenile department declined to enter into an FAA with youth, citing its policy not to use that disposition in cases involving drug charges. Youth moved for an order requiring the juvenile department to enter into an FAA and for an order dismissing the petition. The state objected, arguing that an FAA is authorized only when all parties, including the juvenile department, voluntarily agree. At the hearing on youth's motions, the juvenile court initially agreed with the state's position. The court then stated: "I also have the authority to dismiss the petition if I think that's appropriate." After a discussion of several possible dispositions, the court said that it was "not going to dismiss the petition," but it would grant youth's motion for an FAA order. Despite that statement, the court ultimately signed an order in which the court required the FAA *and* dismissed the petition. The state assigns error to the order requiring the juvenile department to enter into the FAA,

arguing that the juvenile court did not have authority to direct that disposition. Because the court based the dismissal of the petition on its assumption that it could direct the juvenile department to enter into an FAA, the state asserts that the dismissal of the petition should be reversed.

We first address whether this court has jurisdiction to decide the issues presented by the state's appeal. Youth argues that the state does not have standing to challenge the order directing the juvenile department to enter into an FAA because the state is not a party to that agreement. In a related argument, youth asserts that the FAA order is not an appealable order, citing *State ex rel Juv. Dept. v. M. T.*, 321 Or 419, 899 P2d 1192 (1995), in support of that proposition. In *M. T.*, the Supreme Court held that the state could not appeal from an order granting a "conditional postponement" because it was not among the orders specifically enumerated in ORS 419A.200(7) (1993) (*former* ORS 419.561(7)). *See generally M. T.*, 321 Or at 424-27.[1]

The problem with youth's arguments and reliance on *M. T.* is that they confuse the related, but separate, concepts of appealability and reviewability. The state's appeal is from the order dismissing the petition. That order is an appealable order. *See* ORS 419A.200(7)(a) (granting the state the right to appeal from preadjudicatory orders dismissing or setting aside a delinquency petition). The state is not *appealing* from the FAA order. Rather, it is challenging that order pursuant to the court's authority to review intermediate orders affecting the dismissal of the petition. *See* ORS 19.425 ("[u]pon an

---

[1] That specific holding has since been legislatively overruled. In 1995, the legislature amended ORS 419A.200, apparently in response to the court's decision in *M. T.* Or Laws 1995, ch 422, § 66. ORS 419A.200 now provides, in part:

"(1)  * * * [A]ny person or entity * * * whose rights or duties are adversely affected by a final order of the juvenile court may appeal therefrom. * * *

"* * * * *

"(7) *In addition to the state's right to appeal under subsection (1)* of this section, in a juvenile proceeding, the state may take an appeal from the order of a judge or referee from:

"(a) An order made prior to an adjudicatory hearing dismissing or setting aside a delinquency petition."

(Emphasis added.) As the emphasized language now clarifies, the state may bring an appeal from orders fitting the definition of subsection (1) in addition to those enumerated in subsection (7).

appeal, the appellate court may review any intermediate order involving the merits or necessarily affecting the judgment or decree appealed from"). In other words, even if the FAA order is not an appealable order in its own right and even if the state does not have standing to appeal from that order, the order is subject to review, and may be assigned as error, as long as it necessarily affected the juvenile court's decision to dismiss the petition. On this record, the order of dismissal appears to have been predicated on the juvenile court's assumption that it had the authority to require the juvenile department to enter into an FAA. The state's assignment of error therefore is reviewable.

We turn to the merits of the state's assignment that the court erred in ordering the FAA. An noted earlier, an FAA is a "voluntary contract between a youth described in ORS 419C.230 and a juvenile department whereby the youth agrees to fulfill certain conditions in exchange for not having a petition filed against the youth." ORS 419C.233. The requirements of that disposition are set out in ORS 419C.239, which provides, in part:

"(1)  A formal accountability agreement shall:

"(a)  Be completed within a period of time not to exceed one year;

"(b)  Be *voluntarily* entered into by all parties;

"* * * * *

"(f)  Be executed in writing and expressed in language understandable to the persons involved;

"(g)  Be signed by the juvenile department, the youth, the youth's parent or parents or legal guardian, and the youth's counsel, if any."

(Emphasis added.)

The text of ORS 419C.239(1)(b) is plain and unequivocal: The juvenile department must "voluntarily" enter into an FAA. Necessarily, then, the juvenile department cannot be compelled to take that action. Nothing in the above-cited statutes, or any others, authorizes the juvenile court to oversee an FAA or to direct the juvenile department to enter into an FAA with a particular youth. To be sure, as youth argues,

the juvenile court has broad authority to fashion dispositional orders. But that general authority cannot override the express requirement that an FAA be entered into voluntarily by the juvenile department.

The juvenile court erred in ordering the juvenile department to enter into an FAA with youth and in dismissing the petition on that ground. We therefore reverse the dismissal order.[2]

Reversed and remanded.

---

[2] Under ORS 419C.261(2), the juvenile court may dismiss a petition "in the furtherance of justice after considering the circumstances of the youth and the interests of the state in the adjudication of the petition." Nothing in this opinion precludes the juvenile court on remand from considering a dismissal pursuant to the authority conferred by that statute.