Argued and submitted April 5, 1996, affirmed February 5, 1997

In the Matter of
Alderson, Michael, a Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

Michael ALDERSON,
*Appellant.*

(9304-81136(40); CA A88579)

932 P2d 97

Gregg T. Sylvester filed the brief for appellant.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Armstrong, Judges.

DEITS, P. J.

**DEITS, P. J.**

Child appeals the juvenile court's denial of his motion to dismiss a petition alleging that he had committed acts that led to a finding that he was within the jurisdiction of the juvenile court. He also appeals the denial of his motion to modify or set aside the order that found him to be within the jurisdiction of the juvenile court. We affirm.

In April 1993, a petition was filed in Multnomah County Juvenile Court alleging that child committed acts that, if committed by an adult, would constitute the crimes of unlawful sexual penetration in the first degree and attempted sodomy in the first degree. ORS 419C.005 and ORS 163.411. A hearing was held on the matter and child admitted committing an act that would constitute unlawful sexual penetration in the first degree if committed by an adult. Accordingly, child was found to be within the jurisdiction of the juvenile court and placed on two years probation.

In April 1995, child moved to dismiss the petition and also moved to have the court modify or set aside the order finding him to be within the jurisdiction of the juvenile court. The juvenile court denied child's motions, concluding that it did not have authority to grant the motions because the statutes that authorize the court to modify or set aside an order or to dismiss a petition are overridden by the specific requirements of ORS 419A.260(1)(d)(J), which limit the expunction of records of certain acts that would be crimes if committed by an adult.

The pertinent statutes here are *former* ORS 419C.250,[1] ORS 419C.610, ORS 419A.262 and *former* ORS 419A.260(1)(d)(J)(ix).[2] *Former* ORS 419C.250 (*formerly* ORS 419.482(5)) allows the juvenile court to dismiss a petition at any stage in the proceedings, including the post-adjudication

---

[1] The language of ORS 419C.250(3) was deleted from the "Delinquency" section of the 1995 Oregon Revised Statutes. The same language still appears in the "Dependency" section of the code. ORS 419B.236. Child's motions, however, were made before the effective date of the 1995 amendments.

[2] *Former* ORS 419A.260(1)(d)(J)(ix) has been renumbered and now is ORS 419A.260(1)(d)(J)(xvii).

phase, so long as the court still has jurisdiction over the child. *State ex rel Juv. Dept. v. Bishop,* 110 Or App 503, 506, 823 P2d 1012 (1991). ORS 419C.610[3] provides that the juvenile court "may modify or set aside any order made by it[.]" ORS 419A.262(7) allows a juvenile court to order expunction of the records of a child's contacts with the juvenile court if expunction is "in the best interests of the person and the public." However, ORS 419A.260(1)(d)(J)(ix) specifically *excludes* from the general expunction provision records in cases under ORS 419C.005 in which a juvenile court found a child to be within the jurisdiction of the court based on the child's commission of specified acts. Among the specified acts excluded from expunction is conduct that if done by an adult would constitute unlawful sexual penetration in the first degree under ORS 163.411, the act on which jurisdiction in this case is based. *Former* ORS 419A.260(1)(d)(J)(ix).

Child agrees that, if he were proceeding under the expunction statute in this case, he could not obtain expunction of the records of the petition for jurisdiction or the dispositional order because of the act on which the court's jurisdiction was based. Nonetheless, he contends that the juvenile court's authority, under ORS 419C.250, to dismiss a petition for jurisdiction, and its authority, under ORS 419C.610, to modify or set aside an order finding jurisdiction at any stage of the juvenile proceeding is not affected by the limitations of ORS 419A.260(1)(d)(J) on expunction of the records of the proceeding.

■ The state responds that, although the juvenile court does have broad discretion under ORS 419C.250 and 419C.610, that discretion is limited by the restrictions on expunction of records of specific acts. The state notes that for purposes of the expunction statute, "records" include jurisdictional orders and petitions. ORS 419A.260(1)(d). It argues that by seeking the dismissal of the petition or the modification or setting aside of the dispositional order, child is essentially "ask[ing] the juvenile court to accomplish indirectly

[3] ORS 419C.610 provides:

"Except as provided in ORS 419C.613, the court may modify or set aside any order made by it upon such notice and with such hearing as the court may direct."

what ORS 419A.260(1)(d)(J) forbids it from doing directly." We agree.

When we engage in statutory construction, we first look to the text and context of the statute involved to determine the legislature's intent at the time that it enacted the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). Here, however, neither the text nor the context of the pertinent statutes specifically address how the expunction statute interrelates with the court's discretionary authority under ORS 419C.250 and ORS 419C.610.

At the first level of statutory analysis, we also look to the maxims of statutory construction that "bear directly" on how to read the language of the statute. *PGE*, 317 Or at 611. One rule of construction that is relevant here is that a statute of particular intent controls over a statute of general intent. *Id.*; ORS 174.020. Another pertinent rule is that we attempt to give effect to *all* provisions where there is more than one statute involved. *PGE*, 317 Or at 611; ORS 174.010.

Although, technically, child is correct that he is not directly seeking expunction of the records of the court's finding of jurisdiction here, that is the effect of what he is seeking. He is, as the state asserts, attempting to accomplish indirectly what he may not do directly. As child acknowledges, his purpose in seeking to have the petition dismissed or the dispositional order set aside is to remove "any prior history of juvenile adjudications or misbehavior" that would "represent a substantial impediment to [child's] future employment, his future ability to engage in certain occupations and forms of work and employment."

If child's request to dismiss the petition or to set aside the dispositional order were allowed, child could then contend that the limitations in the expunction statutes no longer apply and all records relating to those proceedings may be expunged. Child's reading of the statute would be inconsistent with the legislature's specific intent to prevent expunction of the records in this type of case and would not give effect to the specific provisions of ORS 419A.260(1)(d)(J). We conclude that the juvenile court correctly concluded that

it lacked authority to dismiss the petition or set aside or modify the order finding child to be within its jurisdiction under the circumstances in this case.

Affirmed.