Submitted on remand from the Oregon Supreme Court July 8, reversed and remanded for further proceedings September 22, 1999

In the Matter of
Benjamin Madigan, a Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

Benjamin MADIGAN,
*Appellant.*

(9282-07940; CA A95076)

987 P2d 561

Peter Miller for appellant.

Hardy Myers, Attorney General, Virginia L. Linder, Solicitor General, Jonathan H. Fussner, Assistant Attorney General, and Tammy A. Hawkins, Certified Law Student, for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

BREWER, J.

**BREWER, J.**

This case is before us on remand from the Oregon Supreme Court, 328 Or 593, 987 P2d 462 (1999), for reconsideration in light of *State ex rel Juv. Dept. v. Dreyer*, 328 Or 332, 976 P2d 1123 (1999). We originally affirmed without opinion the juvenile court's denial of the youth's motion to dismiss the delinquency petition in this case following an adjudication that found him to be within the court's jurisdiction for having committed an act, which, if committed by an adult, would constitute sex abuse in the first degree. ORS 163.427. *State ex rel Juv. Dept. v. Madigan*, 151 Or App 508, 948 P2d 1262 (1997). In light of *Dreyer,* we reverse and remand for further proceedings.

The youth was found to be within the juvenile court's jurisdiction following a contested adjudicative hearing. After the hearing, but before disposition, the youth filed a written motion to postpone disposition or, in the alternative, to dismiss the petition at the conclusion of any probation that might be imposed. In an amended disposition order, the juvenile court placed the youth on formal probation for two years but granted him leave to seek alternative relief on successful completion of his probation. At the conclusion of probation, the youth orally renewed his motion to dismiss the petition. The juvenile court denied the motion, reasoning that "[t]he legislature has determined that this law violation shall not be expungeable. The court is bound by that determination." That conclusion was consistent with our later decision in *State ex rel Juv. Dept. v. Alderson*, 146 Or App 185, 189, 932 P2d 97 (1997), in which we held that post-adjudication dismissal was unauthorized, because its ultimate purpose and effect—expunction of the court records of the youth's offense—is prohibited by ORS 419A.260(1)(d)(J).

In *Dreyer*, the Supreme Court rejected our ultimate conclusion in *Alderson* and, in so doing, held that a juvenile court has statutory authority under ORS 419C.261(2) to dismiss a delinquency petition following adjudication and after having found the youth to be within the court's jurisdiction. 328 Or at 337-38. Although the juvenile court in *Dreyer* purported to dismiss the petition *nunc pro tunc*, the Supreme

Court concluded that such an action would impermissibly nullify the existence of the jurisdictional adjudication. *Id*. at 339. The court nonetheless gave effect to the order as a post-adjudication dismissal, because the record did not indicate that the juvenile court would have denied the motion if a *nunc pro tunc* order were clearly precluded. *Id*. at 340. Finally, the court concluded that the state's concern that the youth intended to rely on the dismissal as a ground to expunge his delinquency adjudication was attenuated because, given that the dismissal lacked a retroactive effect, the state would have an opportunity to challenge the youth's request in a later expunction proceeding. *Id*. at 340-41.

The only notable difference between this case and *Dreyer* is procedural. Instead of granting the youth's motion to dismiss *nunc pro tunc*, the juvenile court denied the motion as a matter of law. In light of *Dreyer*, the court was authorized to consider dismissal of the petition under ORS 419C.261(2), even though it lacked authority to dismiss retroactively. Because the court did not consider the statutory authority it had to dismiss the petition following adjudication,[1] we reverse and remand the order denying the youth's motion to dismiss for reconsideration.

Reversed and remanded for further proceedings.

---

[1] The youth's written motion to dismiss did not specify any particular effect for the requested dismissal. Although the youth's oral request for dismissal made at the conclusion of his probation sought retroactive dismissal of the petition, there is nothing in the record to suggest that the youth no longer sought dismissal in any authorized form. Therefore, as in *Dreyer*, the court had authority to grant the motion regardless of the effect expressly preferred by the youth.