Argued and submitted February 14, reversed and remanded with instructions for juvenile court to consider merits of youth's motion to dismiss December 27, 2012

In the Matter of C. E. B.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

C. E. B.,
*Appellant.*

Washington County Circuit Court
J000173;
Petition Number 01J000173;
A147292

295 P3d 118

Stephen A. Houze argued the cause and filed the brief for appellant.

Inge D. Wells, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

### WOLLHEIM, J.

Youth appeals from an order of the juvenile court denying his motion to dismiss a delinquency petition and to set aside a judgment finding him to be within the jurisdiction of the juvenile court. The court denied the motion after determining that the court's jurisdiction over youth—and its authority to enter an order dismissing the delinquency petition—ended when youth's probation ended in 2003. For the reasons that follow, we conclude that the juvenile court erred. We reverse and remand for the juvenile court to consider the merits of youth's motion to dismiss the delinquency petition.

Youth was born on July 17, 1985. In 1997, when youth was between the ages of 11 and 12, he committed acts against his adopted sister which, if committed by an adult, would constitute first-degree sodomy and first-degree rape. In 1998, youth entered into a formal accountability agreement with the Washington County Juvenile Department, but did not complete the terms of the agreement. In March 2003, the state filed a delinquency petition. Youth ultimately admitted to the acts, and he was made a ward of the court and placed on formal probation. In July 2003, when youth was approaching his eighteenth birthday, the court terminated formal probation and placed youth on bench probation. The court terminated bench probation November 3, 2003.

On June 29, 2010, when youth was 24 years old, he filed a motion to dismiss the delinquency petition pursuant to ORS 419C.261(2)[1] and also sought to set aside the order finding him to be within the jurisdiction of the juvenile court. Hearings were held later in 2010, by which time youth was 25 years of age.

---

[1] ORS 419C.261(2) provides:

"(a) The court may set aside or dismiss a petition filed under ORS 419C.005 in furtherance of justice after considering the circumstances of the youth and the interests of the state in the adjudication of the petition.

"(b) If the victim requests notice, the district attorney or juvenile department shall notify the victim of a hearing to amend the petition in advance of the hearing.

"(c) When the court sets aside or dismisses a petition alleging that a youth has committed an act that would constitute a sex crime, as defined in ORS 181.594, if committed by an adult, the court shall make written findings stating the reason for setting aside or dismissing the petition."

The state urged the court to deny the motion to dismiss the delinquency petition, contending that the court's authority to enter an alternative disposition had ended either (1) when youth became 25 years of age or (2) when the court terminated probation in 2003. The juvenile court concluded that, although, on the merits, youth was entitled to the relief he sought, the termination of probation in 2003 had effectively extinguished the wardship over youth and deprived the juvenile court of authority after that time to grant an alternative disposition of dismissal of the petition.

On appeal, youth contends that the juvenile court erred when it determined that it lacked authority to dismiss the delinquency petition after the termination of probation in 2003. The state no longer contends that the juvenile court lost jurisdiction after the termination of youth's probation in 2003. Instead the state argues that the juvenile court was correct in dismissing the motion, because the juvenile court no longer had authority to grant the requested relief once youth was 25 years of age. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659, 20 P3d 180 (2001) (a reviewing court is not limited to the trial court's rationale but may affirm the decision if it was right for a different reason, so long as the evidentiary record was sufficiently developed to support that different ground). The parties' dispute presents a question of statutory construction, which we review for errors of law. *State ex rel Juv. Dept. v. Dreyer*, 328 Or 332, 337-38, 976 P2d 1123 (1999).

ORS 419C.261(2) provides, in part:

"(a) The court may set aside or dismiss a petition filed under ORS 419C.005 in furtherance of justice after considering the circumstances of the youth and the interests of the state in the adjudication of the petition."

As relevant to the state's argument, ORS 419C.005 provides:

"(1) *** [T]he juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and who has committed an act that is a violation, or that if done by an adult would constitute a

violation, of a law or ordinance of the United States or a state, county or city.

"* * * * *

"(4)  The court's jurisdiction over a person under this section or ORS 419C.067 continues until one of the following occurs:

"(a)  The court dismisses a petition filed under this chapter or waives the case under ORS 419C.340. If jurisdiction is based on a previous adjudication, then dismissal or waiver of a later case does not terminate jurisdiction under the previous case unless the court so orders.

"(b)  The court transfers jurisdiction of the case as provided in ORS 419C.053, 419C.056 and 419C.059.

"(c)  The court enters an order terminating jurisdiction.

"(d)  The person becomes 25 years of age."

Youth contends that, because the motion to dismiss the petition was filed before youth became 25 years of age, he was within the court's jurisdiction for purposes of the motion. The state asserts that the juvenile court lost its authority under ORS 419C.261(2) to dismiss the petition when, after the filing of his motion to dismiss, youth became 25 years of age and was no longer within the court's jurisdiction. ORS 419C.005(4)(d).

Both parties assume that the court's authority to consider youth's motion to dismiss is dependent on youth continuing to be within the jurisdiction of the court under ORS 419C.005. Youth contends that the juvenile court's authority to dismiss the petition is determined by reference to youth's age at the time the motion is filed, and that, because he was 24 years of age when the motion was filed, the court retained jurisdiction to decide the motion even after youth turned 25. The state responds that the text of ORS 419C.005(4) shows that the legislature intended that jurisdiction of the juvenile court ends for all purposes when the youth becomes 25 years of age, regardless of what matters were pending in juvenile court at that time, and the juvenile court lost all authority over youth's pending matter in this case.

We need not resolve the precise question whether youth was within the jurisdiction of the juvenile court for purposes of the motion by virtue of his having filed the motion before his twenty-fifth birthday. That is because we do not agree that the fact that youth has turned age 25 and is no longer within the court's exclusive jurisdiction under ORS 419C.005 deprives the court of its general jurisdiction to act on a juvenile matter in which it has previously entered a judgment of jurisdiction. We conclude that, as a court of general jurisdiction, ORS 419B.090,[2] the juvenile court retained authority to entertain youth's motion to dismiss the petition even after youth had turned 25.

We reach our conclusion based on the text of ORS 419C.261(2), which, as noted, authorizes a juvenile court to

"set aside or dismiss a petition filed under ORS 419C.005 in furtherance of justice after considering the circumstances of the youth and the interests of the state in the adjudication of the petition."

The statute places no time restriction on the court's authority to dismiss a petition. In *Dreyer*, the Supreme Court interpreted the text of the statute. The court considered whether ORS 419C.261(2) authorizes a juvenile court to dismiss a delinquency petition *after* the court has adjudicated the petition and found the youth to be within the court's jurisdiction. The state asserted that the text of ORS 419C.261(2) showed that the legislature intended that a petition could be dismissed only pre-adjudication—that is, before the youth had been found to be within the jurisdiction of the court—and that, once the court had found the youth to be within the court's jurisdiction, the court lacked authority to dismiss a petition. 328 Or at 337. The Supreme Court rejected the state's argument. The court reasoned that, although the text of the statute was susceptible to the state's interpretation, that interpretation was negated by ORS 419C.005(4), which provided that the court's wardship "over a person found to be within the court's jurisdiction" continues until the court dismisses the petition. That provision, in the

2 ORS 419B.090(1) provides, in part:

"The juvenile court is a court of record and exercises jurisdiction as a court of general and equitable jurisdiction and not as a court of limited or inferior jurisdiction."

court's view, showed that the legislature contemplated that a dismissal of a petition under ORS 419C.261(2) could occur after a youth had been found to be within the jurisdiction of the juvenile court. *Id*. at 338.

In this case, we are called upon to consider whether the court's authority under ORS 419C.261(2) to dismiss a petition extends to a time after a youth has been adjudicated to be within the juvenile court's jurisdiction and after the youth has attained 25 years of age. We conclude that it does. The statute authorizes the trial court to dismiss the petition "in furtherance of justice after considering the circumstances of the youth." There is no explicit time limitation on the court's authority to dismiss a petition. Nonetheless, the state asserts that the statute's reference to the court's obligation to consider the circumstances of the "youth" implies that a dismissal may occur only when the person is, technically, a "youth" within the court's jurisdiction. A "youth" is defined, in part, as "a person under 18 years of age." ORS 419A.004(35). No doubt, most dismissals will occur while the person is a youth. However, we do not read the statute's requirement that the court consider the circumstances of the "youth" to mean that only a "youth" is to seek dismissal of a petition. The statute speaks only to the court's authority to dismiss a petition and does not limit who may make a request for dismissal. As the court held in *Dreyer*, ORS 419C.261(2) also authorizes the dismissal of a petition after adjudication, at which time the youth is a "youth offender." ORS 419A.004(37).

As for the state's contention that the statute limits the court's authority to cases in which the youth is within the jurisdiction of the court, the text of the statute itself does not include such a limitation. As the state pointed out in *Dreyer*, 328 Or at 337, the text of ORS 419C.261(2) contemplates pre-adjudication dismissals, that is, dismissals that occur *before* the youth has been found to be within the court's jurisdiction. But the court held in *Dreyer*, it also encompasses post-adjudication dismissals. *Id*. at 338. If the court has the authority under the statute to dismiss a petition before a person comes within the jurisdiction of the juvenile court as well as after adjudication, in the absence of

an explicit textual limitation, there is no statutory authority to restrict the court's authority in post-adjudication cases to circumstances where the person remains within the court's jurisdiction.[3]

In light of the juvenile court's general jurisdiction, ORS 419B.090(1), we conclude that the juvenile court's authority to dismiss a petition under ORS 419C.261(2) is not limited to cases in which the person continues to be within the juvenile court's jurisdiction, but also extends to cases in which the person is no longer within the juvenile court's jurisdiction under ORS 419C.005 by reason of having reached age 25.[4] However, as the court said in *Dreyer*, the juvenile court's order of dismissal has no retroactive effect on the adjudication finding youth to be within the court's jurisdiction. 328 Or at 340.

Reversed and remanded with instructions for juvenile court to consider merits of youth's motion to dismiss.

---

[3] The state's reliance on *Smith v. Jester*, 234 Or App 629, 631, 228 P3d 1232 (2010), is misplaced. The holding of that case was that because the youth had not been convicted of a crime, the circuit court did not have authority to consider a petition for post-conviction relief, and that a petition for relief from a juvenile adjudication must be filed with the juvenile court that exercised jurisdiction over the youth.

[4] We recognize that our conclusion may appear to be inconsistent with statements in *State ex rel Juv. Dept. v. Bishop*, 110 Or App 503, 506, 823 P2d 1012 (1991) (juvenile court may dismiss petition at post-adjudicative stage, so long as juvenile court has continuing jurisdiction over the child), and *State ex rel Juv. Dept. v. Alderson*, 146 Or App 185, 932 P2d 97 (1997) (same). However, those cases were decided before *Dreyer*. Further, when those cases were decided, the statutes were different. *Former* ORS 419.482(5) (1991), and *former* 419C.250 (1993), authorized the juvenile court to dismiss a petition for jurisdiction "at any stage of the proceedings." We said in *Bishop* that the phrase "at any stage" encompassed the post-adjudicative stage, "so long as the juvenile court has continuing jurisdiction over the child." 110 Or App 503. The pertinent statutes were subsequently rewritten, Or Laws 1995, ch 422 §§ 77, 77a, and ORS 419C.261(2), the current statute authorizing dismissal of a petition, does not include the phrase "at any stage of the proceedings." In *Dreyer*, the court declined to draw an inference from that change that the legislature intended to limit the court's authority to pre-adjudicative dismissals. 328 Or at 337. We likewise decline to draw the inference from the amendment that the legislature intended to limit the court's authority to dismissal of a petition where the youth continues to be within the juvenile court's jurisdiction.