Submitted November 6, reversed and remanded December 30, 2015

In the Matter of L. M. W.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

L. M. W.,
*Appellant.*

Yamhill County Circuit Court
14JU01670; A157789

365 P3d 1181

Daniel J. Casey filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Michael S. Shin, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Hadlock, Judge, and Egan, Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

In this juvenile delinquency case, youth appeals a judgment finding him within the jurisdiction of the juvenile court for acts that, if committed by an adult, would constitute attempted sodomy in the first degree, ORS 163.405; ORS 161.405, and attempted sexual abuse in the first degree, ORS 163.427; ORS 161.405. He also appeals the dispositional judgment. Youth assigns error to the juvenile court's denial of his motion to amend or dismiss the delinquency petition, contending that the juvenile court erroneously concluded that it lacked authority under ORS 419C.261 to amend or dismiss the petition before the court adjudicated it or to amend or dismiss it on the grounds asserted by youth. The state concedes the error. For the reasons that follow, we agree and accept the state's concession. Accordingly, we reverse and remand for the juvenile court to consider the merits of youth's motion to amend or dismiss the delinquency petition.

The state filed a delinquency petition alleging that youth was within the jurisdiction of the juvenile court by reason of the acts stated above. Before the adjudication hearing, youth filed a motion to amend or dismiss the delinquency petition under ORS 419C.261; Article I, section 16, of the Oregon Constitution; and the Eighth and Fourteenth Amendments to the United States Constitution. Specifically, youth moved that the petition be dismissed outright or that it be amended to allege misdemeanor sexual offenses that would not require mandatory sex-offender registration or enhance youth's adult criminal-history score. At the hearing on the motion, youth argued, based on expert testimony, that juveniles should be treated differently from adult offenders because scientific research demonstrates that adolescent brains are not fully developed, and that juveniles who commit acts constituting sexual offenses are at low risk of committing new offenses.

The juvenile court denied youth's motion, concluding that ORS 419C.261 "does not give the Court the authority to dismiss or direct the amendment of the petition

*pre-adjudication.*"[1] (Emphasis added.) The court also appeared to reason that the statute did not allow the court to amend or dismiss the petition for the purpose of granting relief from sex-offender registration requirements. We disagree on both points.

ORS 419C.261 provides:

"(1)   The court, on motion of an interested party or on its own motion, *may at any time direct that the petition be amended.* If the amendment results in a substantial departure from the facts originally alleged, the court shall grant such continuance as the interests of justice may require. *When the court directs the amendment of a petition alleging that a youth has committed an act that would constitute a sex crime, as defined in ORS 181.805, if committed by an adult, the court shall make written findings stating the reason for directing the amendment.*

"(2)(a)   The court *may set aside or dismiss a petition filed under ORS 419C.005 in furtherance of justice* after considering the circumstances of the youth and the interests of the state in the adjudication of the petition.

"(b)   If the victim requests notice, the district attorney or juvenile department shall notify the victim of a hearing to amend the petition in advance of the hearing.

"(c)   *When the court sets aside or dismisses a petition alleging that a youth has committed an act that would constitute a sex crime, as defined in ORS 181.805, if committed by an adult, the court shall make written findings stating the reason for setting aside or dismissing the petition.*"

(Emphases added.)

Subsection (1) explicitly authorizes the court *to amend* the petition "at any time"; accordingly, the court was not barred from amending the petition before adjudicating it. Moreover, with respect to *dismissals*, both we and the Supreme Court have recognized that the scope of the authority conferred by subsection (2) includes the authority

---

[1] The court also rejected youth's constitutional arguments. Given our disposition of youth's statutory argument, we need not address youth's constitutional arguments on appeal.

to grant preadjudication dismissals. *State ex rel Juv. Dept. v. Dreyer*, 328 Or 332, 337, 976 P2d 1123 (1999); *State v. C. E. B.*, 254 Or App 353, 358, 295 P3d 118 (2012). Indeed, in *Dreyer*, where the question was whether the juvenile court could dismiss a delinquency petition *after* adjudicating it, the Supreme Court agreed with the state that the text of ORS 419C.261(2)—specifically, the reference to "the interests of the state in the adjudication of the petition"—as well as the fact that an earlier version of the statute had allowed for dismissal at "any stage of the proceeding," suggested that "the legislature had *only* preadjudication dismissals in mind." 328 Or at 337 (emphasis added). Ultimately, the court concluded, given the relevant context, that ORS 419C.261(2) also encompasses *post*-adjudication dismissals. *Id.* at 338; *see also C. E. B.*, 254 Or App at 358 (concluding that ORS 419C.261(2) "places no time restriction on the court's authority to dismiss a petition"). In short, it is clear, based on the text of the statute, as well as prior court decisions, that ORS 419C.261 authorizes a juvenile court to amend or dismiss a petition before it is adjudicated—that is, as in this case, before youth has been found to be within the jurisdiction of the juvenile court.[2] The juvenile court erred in concluding otherwise.

To the extent that the juvenile court also reasoned that it was not authorized under ORS 419C.261 to amend or dismiss the delinquency petition for the *reason* that youth asserted—that is, to provide relief from sex-offender registration requirements—that, too, is incorrect. There is nothing in the text of the statute that indicates that the legislature intended to limit the juvenile court's authority to amend or dismiss a petition in that manner. Rather, the statute expressly recognizes that the court may either amend, ORS 419C.261(1), or dismiss, ORS 419C.261(2)(c), a petition alleging an act that, if committed by an adult, would constitute a "a sex crime, as defined in ORS 181.805"—that is, an offense subject to sex-offender registration requirements—as long

---

[2] Consistent with that conclusion, in *State v. T. Q. N.*, 275 Or App 969, 976-77, 365 P3d 1112 (2015), also decided this date, we held that the court's discretion under ORS 419C.261(2) to dismiss a petition is broad enough to authorize a conditional postponement program established by the Washington County juvenile court.

as the court makes written findings stating its reasons for amending or dismissing the petition. Thus, the legislature necessarily contemplated that a juvenile court may dismiss a petition for conduct that would otherwise subject a youth to sex-offender registration requirements, thus effectively granting the youth relief from those requirements.

In sum, the juvenile court erroneously concluded that it lacked authority under ORS 419C.261 to amend or dismiss youth's delinquency petition. Accordingly, we reverse and remand for the juvenile court to consider the merits of youth's notice to amend or dismiss the petition.

Reversed and remanded.