Argued and submitted October 15, 2014, reversed and remanded December 30, 2015

In the Matter of T. Q. N.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

T. Q. N.,
*Appellant.*

Washington County Circuit Court
J110366;
Petition Number 01J110366;
A150723

365 P3d 1112

Angela Sherbo argued the cause and filed the brief for appellant.

Jake J. Hogue, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

EGAN, J.

**EGAN, J.**

Youth appeals an adjudication judgment that found him within the juvenile court's jurisdiction on allegations that, if committed as an adult, would constitute sexual abuse in the first degree, ORS 163.427, and attempted sexual abuse in the first degree, ORS 163.427. Youth also appeals a dispositional judgment that placed him on probation after denying his motion for conditional postponement on the basis that the court lacked authority to grant that motion. Youth identifies multiple assignments of error; however, we write to address only youth's argument that the court erred when it concluded that it lacked authority to grant his motion for conditional postponement. We reject youth's other assignments of error without discussion. The state responds that the court indeed lacked authority to grant youth's motion. We disagree with the state. Accordingly, we reverse and remand for the court to consider youth's motion.

To provide context, we begin with a description of the Washington County conditional postponement program. A conditional postponement program agreement provided by the court to youth states:

> "The juvenile court conditional postponement program allows eligible persons charged with a sex offense petition to avoid adjudication trial by successfully completing a sex offender treatment program. If you satisfactorily complete treatment and comply with all of the terms of the conditional postponement program, the juvenile petition will be dismissed and a new petition could not be filed on those same charges. If you do not successfully complete the conditions of this agreement, you have waived your right to a hearing and a judge will proceed directly to disposition (sentencing). Juvenile conditional postponement is a privilege you may exercise only once."

The agreement then lists factors that automatically render a person ineligible for the program such as a history of repeated sex offenses or the use of a weapon during the charged incident. It also states that postponement lasts 18 months subject to extension by the agreement of the parties. The agreement also provides that a participating youth must fully complete the sex offender treatment recommended in a psychosexual evaluation and approved of by a juvenile

counselor during the postponement period and comply with all other conditions. Last, the agreement states that, to participate in the program, the youth must admit to the offense.

We turn to the facts of this case. In July 2011, a Washington County Juvenile Department counselor filed a petition alleging that youth had committed one count of sexual abuse in the first degree and one count of attempted sexual abuse in the first degree. In August 2011, youth completed a psychosexual evaluation. At a pretrial conference held on October 24, 2011, youth informed the court that he would be filing a motion for conditional postponement and, the following day, youth filed that motion accompanied by a memorandum of law. In his memorandum, youth argued that the court has authority to grant his motion under ORS 419C.261.[1] The state opposed the motion, arguing only that the Washington County conditional postponement program is unlawful and not that the youth was an inappropriate candidate for the program.

On January 12, 2012, the court held a contested jurisdictional hearing and, the following day, the court issued an order finding youth within the jurisdiction of the juvenile court. On January 31, the court signed an amended order relating to the January 12 contested jurisdictional hearing. The amended order stated, in part, "[M]otion for conditional postponement to be addressed at [contested jurisdictional hearing] *** set [contested jurisdictional hearing] 1-12-12 9 AM[.]"

In February 2012, the court held a dispositional hearing. During that hearing, youth renewed his motion for conditional postponement filed in October 2011. In response, the following exchange occurred:

"COURT: All right, I will include as part of the written order from today's hearing that the conditional postponement was denied.

"[YOUTH'S COUNSEL]: I would ask the court to [inaudible] whether the court [is] exercising its discretion in deciding that [youth] was not an appropriate candidate

---

[1] The text of ORS 419C.261 is set out below at 275 Or App at 974.

for the conditional postponement program, or whether the court—

"COURT: I don't think there's legal basis for this 'conditional postponement.'

"[YOUTH'S COUNSEL]: Will that be included in your written order?

"COURT: No, it's on the record."

On appeal, youth argues that the juvenile court erred when it concluded that it lacked authority to grant youth's motion for conditional postponement. The state responds that the juvenile court was correct that it lacked the authority to grant youth's motion because, although the legislature gave juvenile courts broad power to dismiss a petition, there is no specific statutory grant of power to juvenile courts to postpone adjudication of a petition subject to conditions. Moreover, the state identifies statutes governing formal accountability agreements, ORS 419C.230 to 419C.245,[2] as context from which it urges us to conclude that the legislature intended to limit the power of juvenile courts to dismiss petitions when a dismissal would achieve an effect similar to a formal accountability agreement.[3] To that end, the state observes that ORS 419C.230 requires the district attorney to authorize formal accountability agreements involving some sex crimes. Thus, the state argues that, understood in the context of ORS 419C.230, a juvenile

---

[2] The text of ORS 419C.230 and ORS 419C.233, which discuss formal accountability agreements, is set out below at 275 Or App at 974.

[3] Additionally, the state raises two threshold issues. First, the state argues that youth waived his motion for conditional postponement by "permitting the juvenile court to adjudicate the delinquency petition and to take jurisdiction before addressing his motion." Youth filed his motion before the contested jurisdictional hearing and the court stated that it would address that motion at the hearing. Under those circumstances, youth did not waive his motion because the court failed to address the motion at that hearing. *See State v. Hunter*, 316 Or 192, 201, 850 P2d 366 (1993) (stating that "waiver is an intentional relinquishment or abandonment of a known right or privilege" and that whether waiver has occurred depends on the particular circumstances of each case). As a second threshold issue, the state argues that, based on the exchange quoted above, it is impossible to conclude, without speculating, that the court ruled that it lacked authority to grant the motion and did not simply rule that youth was not an appropriate candidate for the conditional postponement program. We reject that argument. Given that the parties argued only the legality of conditional postponement, the court's statement can only be understood as a ruling that there is no legal basis for the conditional postponement program.

court's authority to dismiss a petition involving sex crimes identified in ORS 419C.230 is also subject to authorization of the district attorney.

The parties' dispute presents a question of statutory construction, which we review for legal error. *State ex rel Juv. Dept. v. Dreyer*, 328 Or 332, 337-38, 976 P2d 1123 (1999). "We ascertain the legislature's intentions by examining the text of the statute in its context, along with relevant legislative history, and, if necessary, canons of construction." *State v. Cloutier*, 351 Or 68, 75, 261 P3d 1234 (2011).

ORS 419C.261(2)(a) provides:

"The court may set aside or dismiss a petition filed under ORS 419C.005 in furtherance of justice after considering the circumstances of the youth and the interests of the state in the adjudication of the petition."

As noted, the state argues that statutes governing formal accountability agreements are a useful context for understanding the scope of the juvenile court's powers. ORS 419C.230 provides, in relevant part:

"(1) A formal accountability agreement may be entered into when a youth has been referred to a county juvenile department, and a juvenile department counselor has probable cause to believe that the youth may be found to be within the jurisdiction of the juvenile court for one or more acts specified in ORS 419C.005.

"(2) Notwithstanding subsection (1) of this section, unless authorized by the district attorney, a formal accountability agreement may not be entered into when the youth:

"(a) Is alleged to have committed an act that if committed by an adult would constitute:

"(A) A felony sex offense under ORS 163.355, 163.365, 163.375, 163.385, 163.395, 163.405, 163.408, 163.411, 163.425 or 163.427[.]"

ORS 419C.233 provides:

"A formal accountability agreement is a voluntary contract between a youth described in ORS 419C.230 and a juvenile department whereby the youth agrees to fulfill certain conditions in exchange for not having a petition filed against the youth."

We conclude that statutes governing formal accountability agreements are not a useful context for interpreting the scope of a juvenile court's ability to dismiss petitions under ORS 419C.261.

In *State ex rel Juv. Dept. v. Tyree*, 177 Or App 187, 33 P3d 729 (2001), we analyzed a similar issue: whether ORS 419A.260, which bars expunction of records of youth who commit certain enumerated acts, including some sex crimes, is a useful context in which to understand the juvenile court's power to set aside an order under ORS 419C.610.[4] In that case, the state argued that, even if ORS 419C.610 generally authorized juvenile courts to set aside orders, a court could not do so in cases involving acts enumerated in ORS 419A.260, because the legislature prohibited expunction of records in such cases and the effect of setting aside an order is similar to expunction. *Id.* at 192. We concluded that the expunction statute was not a useful context for understanding the court's authority to set aside an order, because set-aside orders and expunction are distinct. Thus, the expunction statute did not demonstrate the legislature's intention to limit the broad grant of authority in ORS 419C.610 to set aside orders. *Id.* at 194.

Similarly, here, conditional postponement is distinct from a formal accountability agreement. By its terms, a conditional postponement in Washington County is an agreement between the court and a youth, whereby the youth admits to certain facts from which the court could then make findings sufficient for jurisdiction. In exchange, the youth agrees to conditions that include, among other things, sex offender treatment. Courts in Washington County enter into this agreement with youths after a petition has been filed.

In contrast, by statute, a formal accountability agreement does not involve the court. Rather, a formal accountability agreement "is a voluntary contract between a youth * * * and a juvenile department whereby the youth agrees to fulfill certain conditions in exchange for not having a petition filed against the youth." ORS 419C.233. A juvenile

---

[4] ORS 419C.610 provides that, except in circumstances not relevant here, "the court may modify or set aside any order made by it upon such notice and with such hearing as the court may direct."

department and a youth enter into a formal accountability agreement before a petition is filed.

The state is correct that, in the absence of court involvement, the legislature has required "authori[zation] by the district attorney" before the juvenile department may enter into a formal accountability agreement with a youth who is alleged to have committed an act that if committed by an adult would constitute certain sex offenses. ORS 419C.230. However, that requirement does not demonstrate the legislature's intention to limit the juvenile court's authority to dismiss petitions. *Cf. Tyree*, 177 Or App at 194 (concluding that, although setting aside an order under ORS 419C.610 may have superficially similar results to expunction, a set-aside order is not expunction and, therefore, setting aside orders concerning particular charges in juvenile court is not prohibited by statutes that prohibit expunction of those charges).

Having rejected the state's argument that statutes governing formal accountability agreements are an appropriate context for interpreting ORS 419C.261, we turn to the state's argument that the court lacks authority to set conditions upon the completion of which the court would dismiss a juvenile petition. The state concedes that a juvenile court's powers to dismiss a petition under ORS 419C.261 are "broad." However, the state asserts that youth's motion for conditional postponement "did not ask the court to amend, dismiss, or set aside the delinquency petition without taking jurisdiction." That is incorrect. To be sure, youth's motion did not ask the court to dismiss the petition immediately; however, youth, indeed, asked for dismissal. Youth's memorandum in support of his motion concludes:

> "This court is authorized by the juvenile code to consider a dismissal of this case pursuant to ORS 419C.261. [Youth] is asking the court to allow a conditional postponement in order to allow him time to complete the recommendations of the psychosexual evaluation he completed, with the understanding that if he successfully completes the requirements his case will be dismissed."

We agree with the state that Oregon appellate courts have interpreted ORS 419C.261 to grant broad discretion to

juvenile courts to dismiss petitions. *See, e.g., Dreyer*, 328 Or 332 (concluding that, under ORS 419C.261, a juvenile court can dismiss a petition before or after a youth has been found within the jurisdiction of the court); *State v. L. M. W.*, 275 Or App 731, 734-35, 365 P3d 1181 (2015) (concluding that, under ORS 419C.261, a juvenile court can dismiss a petition for conduct that would otherwise subject a youth to sex-offender registration requirements); *State v. C. E. B.*, 254 Or App 353, 295 P3d 118 (2012) (concluding that, under ORS 419C.261, the juvenile court's authority to dismiss a petition is not limited to cases in which the person continues to be within the juvenile court's jurisdiction). Furthermore, we conclude that the legislature's grant of authority to juvenile courts to dismiss petitions "in the furtherance of justice after considering the circumstances of the youth and the interests of the state in the adjudication of the petition" is broad enough to encompass the Washington County conditional postponement program as presented in this case. ORS 419C.261. Accordingly, we reverse and remand for the juvenile court to consider merits of youth's motion.

Reversed and remanded.