Argued and submitted August 24, affirmed October 10, 2001

In the Matter of
Joshua Lee Tyree, a Minor Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Appellant.*

*v.*

JOSHUA LEE TYREE,
*Respondent.*

9802-802581; A110664

33 P3d 729

Daniel J. Casey, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Thomas Hanrahan argued the cause for respondent. With him on the brief was Juvenile Rights Project, Inc.

Before Landau, Presiding Judge, and Brewer, Judge, and Warren, Senior Judge.

BREWER, J.

## BREWER, J.

■ The state appeals a juvenile court order setting aside an earlier judgment finding youth to be within the court's jurisdiction for acts, which, if committed by an adult, would have constituted first-degree rape, ORS 163.375. Along with that adjudication, the judgment also included dispositional provisions. The state argues that the court lacked statutory authority to set aside the adjudication. Youth contends that the juvenile court properly set aside the adjudication pursuant to ORS 419C.610.[1] The parties' dispute presents a question of statutory construction, which we review for errors of law. *See State ex rel Juv. Dept. v. Dreyer*, 328 Or 332, 337-38, 976 P2d 1123 (1999).

In February 1998, the state filed a delinquency petition alleging that youth engaged in acts that, if committed by an adult, would constitute two counts of first-degree rape and two counts of first-degree sexual abuse. At a hearing in April, youth admitted to conduct that would constitute one count of first-degree rape. Pursuant to plea negotiations, the juvenile court dismissed the other allegations. In May, the court entered a judgment finding youth to be within its jurisdiction, placing youth on probation for two years, and directing him, among other things, to perform community service.

In March 2000, youth moved to dismiss the delinquency petition, ORS 419C.261(2),[2] and to set aside the judgment, ORS 419C.610, on the ground that he had completed the conditions of probation. The court granted youth's motion and entered an order dismissing the petition and setting aside the judgment, effective May 15, 2000. The state appeals from that order.

The state argues that the juvenile court did not have authority under ORS 419C.610 to set aside the *judgment*

---

[1] ORS 419C.610 provides that, "[e]xcept as provided in ORS 419C.613 [providing notice requirements], the court may modify or set aside any order made by it upon such notice and with such hearing as the court may direct."

[2] ORS 419C.261(2) provides that "[t]he court may set aside or dismiss a petition filed under ORS 419C.005 in furtherance of justice after considering the circumstances of the youth and the interests of the state in the adjudication of the petition."

because that statute authorizes the court to set aside only an *order*. Alternatively, it argues that, even if the legislature intended ORS 419C.610 to apply to judgments, other statutes preclude applying ORS 419C.610 where, as here, the youth committed acts that would have constituted first-degree rape if committed by an adult. Youth responds that the state's arguments are not preserved for appellate review. Alternatively, youth argues that ORS 419C.610 applies to the decisions made by the juvenile court and that to exclude an adjudication from that statute merely because it is labeled as a judgment would frustrate the legislative intent of the juvenile code.

■ ■ We first consider whether the state preserved the claimed error. Ordinarily this court will not consider assignments of error that are not preserved in the trial court. *See* ORAP 5.45(4). The Supreme Court has explained that "it is essential to raise the relevant issue at trial, but less important to make a specific argument or identify a specific legal source with respect to the issue raised." *State v. Stevens*, 328 Or 116, 122, 970 P2d 215 (1998). *See also State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988) (setting forth the issue-source-argument preservation hierarchy). In determining whether an assignment of error is preserved, the most significant question is whether the trial court had a realistic opportunity to make the right decision. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) ("[A] party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted.").

■ Here, youth cited ORS 419C.610 in his motion as statutory authority for the juvenile court to set aside the adjudication. In opposition to youth's motion, the state argued that granting the motion would be tantamount to expunging the records of the adjudication, which is prohibited by other statutes. *See* ORS 419A.260;[3] ORS 419A.262.

---

[3] ORS 419A.260(1)(d)(J) provides that the following records shall not be expunged under ORS 419A.260 or ORS 419A.262:

"Any records in cases under ORS 419C.005 in which a juvenile court found a person to be within the jurisdiction of the court based upon the person's commission of an act which if done by an adult would constitute * * * :

After oral argument, the trial court granted youth's motion. It noted that

> "there is in effect a conflict in the wishes of the people of the State of Oregon, that's how one reads the laws. So, * * * I know what the law is, and I look at the totality of the circumstances when I make these decisions * * *.
>
> "In this case, I find that it's in the best interest of justice and the best interest of this child that this petition and judgment be dismissed."

In light of its explanation, it is evident that the court decided that it was authorized under ORS 419C.610 to grant the motion. The court's concern was with the apparent conflict between that authority and the expunction statute. Because the court had the opportunity to decide, and in fact did decide, whether it had authority under ORS 419C.610 to dismiss the adjudication, the state's assignment of error is preserved for review.

 We turn to the merits. ORS 419C.610 expressly authorizes the juvenile court to set aside "orders." The state's first argument assumes that the 1998 adjudication and disposition is a judgment, rather than an order. The state is mistaken. By statute, juvenile court adjudications and dispositions of youth offenders are made by *orders*. *See* ORS 419C.067 ("When a case is transferred to the juvenile court * * *, the juvenile court shall enter an *order* finding the youth within the jurisdiction of the court under ORS 419C.005 * * *." (Emphasis added.)); *see also* ORS 419C.411(1) ("At the termination of the hearing * * * the court shall enter an appropriate *order* directing the disposition to be made of the case." (Emphasis added.)); ORS 419C.478(1) (describing the juvenile court's disposition of a youth within its jurisdiction as a "dispositional order"); *cf.* ORS 419C.590-.592 (stating that juvenile court orders that parents of delinquent youths are legally obligated to provide financial support shall be treated as money *judgments* (emphasis added)). Even though the writing memorializing youth's adjudication and disposition is labeled "judgment," that label does not control if it is

---

"* * * * *

"(xii) Rape in the first degree under ORS 163.375[.]"

incorrect. *See Springer v. Gollyhorn*, 146 Or App 389, 393, 934 P2d 501 (1997) ("An instrument is not a 'judgment' simply because it is labeled as such."). Because the judgment is, in substance, an order for the purposes it sought to accomplish, ORS 419C.610 expressly authorized the court to set it aside.[4]

The state's alternative argument—which we restate consistently with our conclusion that the document embodying the adjudication and disposition is an order—is that, even if ORS 419C.610 generally authorizes a juvenile court to set aside such an order, it did not authorize the court to do so here, because ORS 419A.260 precludes expunction of youth's delinquency records for conduct constituting first-degree rape. To set aside the adjudicative aspect of the order, according to the state, would have the necessary effect of allowing youth's delinquency records to be expunged at a later date or have the practical effect of the records being expunged currently. In a similar vein, the state argues that the set-aside order was proscribed by the Supreme Court's decision in *Dreyer* because it retroactively and, thus, impermissibly "nullif[ied] the existence of the jurisdictional adjudication." *See Dreyer*, 328 Or at 339-40 (holding that delinquency petition may not be dismissed retroactively).[5] Youth responds that his motion did not seek expunction of any juvenile court records. Further, youth argues that *Dreyer* precludes the court's decision from having any retroactive effect; thus, youth contends, setting aside the order would not "effectively nullify the adjudication that brought youth within the jurisdiction of the [j]uvenile [c]ourt."

---

[4] In its brief on appeal, the state suggests, citing *Cenci v. The Ellison Company*, 289 Or 603, 607, 617 P2d 254 (1980), that, for purposes of appeal, "[t]he distinction between an 'order' and a 'judgment' is one of finality." The point is readily answered by the observation that, in juvenile cases, *final orders* such as delinquency adjudications and dispositions are appealable notwithstanding that they are orders rather than judgments. *See* ORS 419A.200(1).

[5] In *Dreyer*, the Supreme Court upheld the juvenile court's post-adjudication dismissal of a delinquency petition under ORS 419C.261(2). However, the court rejected the juvenile court's attempt to dismiss the petition retroactively and also held that the dismissal did not have the effect of expunging the delinquency record. *Id.*

 Whether, in light of ORS 419A.260-.262, ORS 419C.610 authorizes a juvenile court to set aside a delinquency adjudication for conduct constituting first-degree rape, is a question of statutory construction. We resolve such questions using the familiar methodology of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). "In interpreting a statute, the court's task is to discern the intent of the legislature." *Id.* at 610; *see also* ORS 174.020. The first step in ascertaining legislative intent is to examine both the text and the context of the statute, giving language its "plain, natural, and ordinary meaning." *Id.* at 611. Where appropriate, we refer also to well-established legal meanings of words and phrases the legislature has used in crafting statutory language. *McIntire v. Forbes*, 322 Or 426, 431, 909 P2d 846 (1996). The context of the statutory provision at issue includes "other provisions of the same statute and other related statutes." *PGE*, 317 Or at 611.

Turning to the text of ORS 419C.610, we first note that it is a general, broadly worded statute providing that the juvenile court may "set aside *any* order." (Emphasis added.) The language of that statute could not be any clearer: it authorizes the court to set aside "any order made by it." As we have already determined, the adjudication and disposition in this case were made by order. That order was made by the same juvenile court—in fact, the same judge, who, two years later, set the order aside pursuant to ORS 419C.610. Moreover, the statute itself demonstrates that the legislature knows how to create exceptions to broadly worded statutes when it so intends. *See* ORS 419C.610 (*"Except as otherwise provided* in ORS 419C.613, the court may modify or set aside any order made by it upon such notice and with such hearing as the court may direct." (Emphasis added.)). The omission of other exceptions to the juvenile court's authority to set aside "any order" is particularly significant and presumably was purposeful. *See Waddill v. Anchor Hocking, Inc.*, 330 Or 376, 382, 8 P3d 200 (2000) (applying the maxim of *inclusio unius est exclusio alterius* [the inclusion of one is the exclusion of the other] at first level of statutory construction). Nothing in ORS chapter 419C indicates to the contrary.

The state looks beyond ORS chapter 419C to the juvenile expunction statutes for additional context. It is true

that ORS 419A.260 evinces a legislative intent to prohibit the expunction of records of youths who commit certain enumerated acts—including first-degree rape—that bring them within the jurisdiction of the juvenile court. The state argues that setting aside the adjudication in this case effectively would expunge youth's records, because youth later would be able to assert that he was not found within the jurisdiction of the juvenile court. *See* ORS 419A.262(20). Further, as noted, the state argues that the set aside order was proscribed by the Supreme Court's decision in *Dreyer*. We disagree with both arguments.

 The set aside order did not have the effect of expunging youth's adjudication records. Expunction is a physical act of sealing or destroying records, *see* ORS 419A.260(1)(b), coupled with an admonition to individuals with knowledge of the records not to discuss them or acknowledge their existence. *See* ORS 419A.262(19). Thus, when juvenile records are expunged, they—the documents, specimen samples, photographs, and other tangible items, *see* ORS 419A.260(1)(d)— retroactively cease to exist. A person who is the subject of expunged records "may assert that the record[s] never existed * * * without incurring a penalty for perjury or false swearing under the laws of [Oregon]," and may assert that the conduct evidenced in the records never occurred. ORS 419A.262(20).

██ ██ On the other hand, when an order is set aside under ORS 419C.610, the records of both the original finding of jurisdiction and the order setting it aside remain physically intact. The set-aside order in this case demonstrates the truth of that proposition and, in fact, refutes both of the state's related arguments. The order expressly "dismissed [and] set aside [the prior 'judgment'] *as of May 15, 2000,*" the date marking the end of youth's two-year probationary period. (Emphasis added.) The challenged order thus merely set aside *prospectively* the legal effect of youth's adjudication following youth's successful completion of the dispositional requirements imposed by the court. Nothing in the set-aside order signified that youth's adjudication never occurred or that it was nullified retroactively. The expunction statutes and *Dreyer*, then, do not support the state's argument that

the challenged order is prohibited despite the general authority granted juvenile courts to set aside their orders under ORS 419C.610.

The state also argues that the set-aside order runs afoul of the sex offender registration statutes, ORS 181.595-.596. However, those statutes do not undercut our construction of ORS 419C.610. Exceptions to the registration requirements provide that they do not apply to persons whose convictions or adjudications have been vacated. *See* ORS 181.596(4)(d) ("The obligation to report under this section terminates if the conviction or adjudication that gave rise to the obligation is reversed or vacated or if the registrant is pardoned."); *see also* ORS 181.595(3)(d) (same exception for persons released after being confined or incarcerated). Because the order setting aside the dispositional order had the effect of vacating the adjudication, it did not conflict with the registration statutes. *See Cooper v. Cooper*, 275 Or 627, 629, 552 P2d 536 (1976) (treating a motion to vacate as the equivalent of a motion to set aside an adjudication). *See also Black's Law Dictionary*, 1376 (7th ed 2000) (including "vacate" within the definition of "set aside").

In conclusion, the juvenile court had statutory authority to set aside the May 1998 order, despite the fact that it was mislabeled as a judgment. Because the order setting aside that order did not expunge youth's records or retroactively nullify youth's adjudication, it did not violate ORS 419C.262 or the rule announced in *Dreyer*.

Affirmed.