GARRETT, J.
*779 *206 Youth appeals a judgment of the juvenile court denying his application for expunction of records. The court concluded that it lacked authority to order expunction because ORS 419A.260(1)(d)(J) precludes expunction in cases in which a youth has engaged in conduct that, if committed by an adult, would constitute one of several criminal offenses. In a single assignment of error, youth argues that the juvenile court erred because ORS 419A.260(1)(d)(J) does not apply. We affirm.
The relevant facts are procedural and undisputed. In 2010, the state filed a delinquency petition alleging that youth had engaged in acts that, if committed by an adult, would constitute sodomy in the first degree, ORS 163.405. Based on youth's conduct, the juvenile court entered a judgment finding youth to be within the court's jurisdiction. The court placed youth on probation for three years.
After youth successfully completed probation in 2013, he moved to dismiss the delinquency petition. The juvenile court did so, and, accordingly, set aside the jurisdictional judgment. See ORS 419C.261(2) (allowing juvenile court to "dismiss a petition filed under ORS 419C.005"); ORS 419C.610 (allowing the juvenile court to "set aside any order made by it").
In 2016, youth applied for expunction of his juvenile record under ORS 419A.262(8), which authorizes the juvenile court to order expunction of "all or any part of the person's record if it finds that to do so would be in the best interests of the person and the public." The court declined to grant expunction, reasoning that it lacked authority to do so under ORS 419A.260(1)(d)(J). That provision precludes expunction in cases where the juvenile court has "found a person to be within the jurisdiction of the court" based on conduct that would constitute one of several enumerated criminal offenses, including first-degree sodomy, ORS 163.405. See ORS 419A.260(1)(d)(J)(xv).[1]
*207 On appeal, youth argues that, notwithstanding ORS 419A.260(1)(d)(J)(xv), the juvenile court had authority to expunge his records because, in 2013, the court set aside the jurisdictional judgment connected to youth's sodomy conduct. Because the jurisdictional judgment was set aside, argues youth, he is not a person "found" to be within the court's jurisdiction for purposes of ORS 419.260A(1)(d)(J). The state responds that, as a historical matter, youth is still a person who was found to be within the jurisdiction of the juvenile court (although that jurisdictional judgment was later set aside), and youth is therefore statutorily ineligible for expunction.
The parties' arguments require us to construe ORS 419A.260(1)(d)(J). We do so using the framework set out in State v. Gaines , 346 Or. 160, 170-73, 206 P.3d 1042 (2009), first by examining the text of the statute in context, and, to the extent it is useful to our analysis, the legislative history; if the legislature's intent remains unclear, we may turn to general maxims of statutory construction to resolve the uncertainty. See id. Whether the juvenile court correctly interpreted a statute is a question that we review for errors of law. State ex rel. Juv. Dept. v. Dreyer , 328 Or. 332, 337-38, 976 P.2d 1123 (1999).
We first examine the text of ORS 419A.260(1)(d)(J), which precludes expunction where the "juvenile court found a person to be within" the court's jurisdiction for certain conduct. (Emphasis added.) The ordinary and natural reading of that language *780 refers to a matter of historical fact-whether, in the past, the juvenile court "found" something. Under youth's construction, the statute would not apply where the court "found" a youth to be within the court's jurisdiction but subsequently set aside the jurisdictional judgment (e.g. , after the youth's successful completion of probation, as occurred here). But the statutory text does not support that construction. To the contrary, we have explained that a statute's use of the past tense carries "a distinctly retrospective and completed-act focus." *208 State v. Allred , 165 Or. App. 226, 230, 995 P.2d 1210 (2000) ; see Washburn v. Columbia Forest Products, Inc. , 340 Or. 469, 479, 134 P.3d 161 (2006) (court may examine verb tense in construing text of statute). The use of the past tense in ORS 419A.260(1)(d)(J) places the focus retrospectively on the historical event in which the juvenile court found a person to be within the court's jurisdiction-not on what happened after that event was completed. Put more simply, the fact that the judgment was set aside does not, logically or linguistically, mean that youth was not "found" to be within the court's jurisdiction in the first place. See ORS 174.010 (in construing a statute, we may not "insert what has been omitted").
The absence of any reference to post-judgment events in ORS 419A.260(1)(d)(J) is significant in context. Blacknall v. Board of Parole , 348 Or. 131, 140, 229 P.3d 595 (2010) ("We previously have observed that '[d]epending on the context, the legislature's silence can signify a variety of policy choices * * *.' " (quoting State v. Hess , 342 Or. 647, 660, 159 P.3d 309 (2007) ; ellipsis in Blacknall ) ). In related statutes, the legislature has allowed for post-judgment relief where a judgment has been set aside, under certain circumstances. For example, the legislature has allowed youths who have been adjudicated for sex offenses to be exempt from sex-offender-registration requirements "if the adjudication that gave rise to the obligation is reversed or vacated." ORS 163A.025(7) ; see State v. Bailey , 346 Or. 551, 562, 213 P.3d 1240 (2009) ("Generally, when the legislature includes an express provision in one statute and omits the provision from another related statute, we assume that the omission was deliberate."); see also State v. Klein , 352 Or. 302, 309, 283 P.3d 350 (2012) (a statute's context includes "related statutes"); State v. Hansen , 253 Or. App. 407, 413, 290 P.3d 847 (2012) (related statutes include other provisions of the criminal code). The existence of those provisions suggests that, if the legislature had intended to allow expunction in cases where the jurisdictional judgment has been set aside, notwithstanding ORS 419A.260(1)(d)(J), the legislature would have stated that intention expressly.
The legislature has also expressly provided for relief, in certain situations, from the bar on expunction that is generally imposed by ORS 419A.260(1)(d)(J). ORS 419A.262(9)
*209 provides that, "[n]otwithstanding ORS 419A.260(1)(d)(J)(x), (xiii), (xix) or (xviii)," a "person who has been found to be within the jurisdiction of the juvenile court" for third-degree rape, third-degree sodomy, second-degree sexual abuse, and third-degree sexual abuse "shall" nevertheless be granted expunction if certain criteria listed under ORS 419A.262 are satisfied. The legislature's decision to create some express exceptions to ORS 419A.260(1)(d)(J) is a further reason not to infer another exception from legislative silence. See Waddill v. Anchor Hocking, Inc. , 330 Or. 376, 382, 8 P.3d 200 (2000), adh'd to on recons. , 331 Or. 595, 18 P.3d 1096 (2001) (applying the maxim of inclusio unius est exclusio alterius [the inclusion of one is the exclusion of the other] at first level of statutory construction).
In short, youth's proposed construction is not consistent with the statute's text, considered in context. Nor has youth directed us to any legislative history that would tend to support his view.[2] For those reasons, *781 we conclude that the juvenile court did not err in denying youth's request for expunction.
Affirmed.

ORS 419A.260(1)(d)(J) achieves its purpose by defining "record" to exclude records in cases in which the youth has engaged in conduct that would constitute one of the 25 serious criminal offenses listed in sub-subparagraphs (i) through (xxv).See ORS 419A.260(1)(d)(J) (providing that " 'record' does not include * * * [a]ny records in cases * * * in which a juvenile court found a person to be within the jurisdiction of the court based upon the person's commission of an act which if done by an adult would constitute one of [several particular] offenses[,]" and listing 25 offenses for which expunction is not allowed, including aggravated murder, first-degree rape, and first-degree sodomy).

As the state points out, youth's argument is also difficult to reconcile with our decision in State ex rel. Juv. Dept. v. Tyree , 177 Or. App. 187, 33 P.3d 729 (2001). In that case, the state had argued that the juvenile court lacked authority to set aside a judgment because ORS 419A.260 precludes expunction of youth's delinquency records for conduct constituting first-degree rape, and setting aside the judgment would "have the necessary effect of allowing youth's delinquency records to be expunged at a later date or have the practical effect of the records being expunged currently." Id. at 192, 33 P.3d 729. We rejected that argument, observing that, notwithstanding the set-aside order, "the records of * * * the original finding of jurisdiction * * * remain physically intact." Id. at 194, 33 P.3d 729. We explained that the set-aside order in Tyree "merely set aside prospectively the legal effect of youth's adjudication following youth's successful completion of the dispositional requirements imposed by the court. Nothing in the set-aside order signified that youth's adjudication never occurred or that it was nullified retroactively." Id. (emphasis in original).