Argued and submitted January 26, affirmed March 8, 2023

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

ADRIAN AGUILERA,
*Defendant-Respondent.*

Multnomah County Circuit Court
19CR70095; A176065

526 P3d 1206

The state appeals a judgment dismissing defendant's criminal charges pursuant to a civil compromise under ORS 135.703. On appeal, the state argues that the trial court erred by dismissing defendant's charges, because they do not constitute crimes "punishable as a misdemeanor," as required for civil compromise under ORS 135.703. *Held*: By using the phrase "charged with a crime punishable as a misdemeanor" in ORS 135.703, the legislature's intent was as follows: With the exception of the crimes and circumstances explicitly listed in paragraphs (1)(a) to (1)(d) of that statute, if a charged felony or misdemeanor—including a Class C felony reducible to a misdemeanor under ORS 161.705—is capable of being punished by a maximum term of imprisonment of not more than one year, then that crime may be civilly compromised, irrespective of a defendant's criminal history, probation status, or probable sentencing outcomes were they to proceed to trial and be convicted. Because the indictment in this case charged defendant with Class C felonies that could be punished as misdemeanors, the trial court did not err in dismissing those charges pursuant to a civil compromise.

Affirmed.

Angela F. Lucero, Judge.

Greg Rios, Assistant Attorney General, argued the cause for appellant. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Erik Blumenthal, Deputy Public Defender, argued the cause for respondent. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

This case requires us to construe the phrase "charged with a crime punishable as a misdemeanor," as used in the civil compromise statute, ORS 135.703.

The state appeals a judgment dismissing defendant's criminal charges pursuant to a civil compromise under ORS 135.703. On appeal, the state argues that the trial court erred by dismissing defendant's charges, because they do not constitute crimes "punishable as a misdemeanor," as required for civil compromise under ORS 135.703. For the reasons explained below, we affirm.

We generally review a trial court's decision to dismiss criminal charges before trial for abuse of discretion. *State v. Garcia*, 320 Or App 123, 129, 512 P3d 839, *rev den*, 370 Or 602 (2022). However, where, as here, "a court's exercise of discretion turns on a legal question, such as the meaning of a statute, we review that determination as a matter of law." *Alfieri v. Solomon*, 358 Or 383, 391, 365 P3d 99 (2015).

## I. BACKGROUND

The state filed an indictment charging defendant with one count of unauthorized use of a motor vehicle, ORS 164.135, and one count of possession of a stolen vehicle, ORS 819.300—both of which are defined as Class C felonies.[1] At the time, defendant was on probation for a previous conviction of first-degree theft, ORS 164.055.

Before trial, defendant moved to dismiss the charges pursuant to a civil compromise under ORS 135.703. He argued that, under ORS 161.705 and *State v. Dumond*, 270 Or 854, 530 P2d 32 (1974) (interpreting ORS 135.703 in light of ORS 161.705), the court may reduce a Class C felony to a Class A misdemeanor and enter disposition accordingly, and that, under ORS 135.703, "a crime punishable as a misdemeanor" may be civilly compromised; therefore, defendant argued, his Class C felonies were eligible for civil compromise.

---

[1] ORS 164.135(2) provides that "[u]nauthorized use of a vehicle * * * is a Class C felony." ORS 819.300(2) provides that "possession of a stolen vehicle * * * is a Class C felony."

The state objected to a civil compromise, arguing that, although most Class C felonies are eligible for reduction to a misdemeanor under ORS 161.705, the repeat-property-offender sentencing provisions in ORS 137.717 were amended in 2008 to "create[] a new class of Class C felonies that are not eligible for reduction," and that, given defendant's specific charges and probation status, his offense fell within that new class of felonies subject to a "non-departable" 18-month sentence; therefore, the state argued, defendant's crimes did not constitute crimes "punishable as a misdemeanor" and could not be civilly compromised.

Ultimately, the trial court granted defendant's motion and dismissed the charges pursuant to civil compromise, explaining:

> "I do believe that *Dumond* does allow the Court discretion to accept the civil compromise in this matter. *** [I] don't believe the Court of Appeals has addressed this issue. *** [T]herefore, based on the wording of the statute, I do believe and would agree with some of my colleagues that the Court, at this point, retains discretion to grant the civil compromise."

On appeal, the state argues that the trial court erred in dismissing defendant's charges pursuant to a civil compromise under ORS 135.703. More precisely, the state argues that defendant's charges are not "punishable as a misdemeanor," as that phrase is used in ORS 135.703, because a misdemeanor is defined as an offense that carries a prison sentence of less than one year; that, given defendant's charges and his probation status, the only sentence he could receive had he been convicted would be 18 months, per ORS 137.717(6); and that, although trial courts generally may reduce Class C felonies to misdemeanors per ORS 161.705, "that statute does not apply when a felony sentence is mandated by ORS 137.717(6)."

In response, defendant argues that the trial court did not err in allowing the civil compromise, because the "statutory text, context, and legislative history, including prior judicial constructions, support a broad reading of the trial court's authority to allow a civil compromise whenever

the charging instrument charges a crime that *could* be punishable as a misdemeanor," and that "[t]he relevant consideration is the characteristics of the *crime*, not the *offender*." (Emphases in original.) Defendant urges us to hold that "any Class C felony is subject to civil compromise because the charged crime is of a type that *could* be punished as a misdemeanor, regardless of whether, in a defendant's specific circumstances, the defendant was eligible for such a sentence." (Emphasis in original.)

## II.   DISCUSSION

"[T]he civil compromise statutes allow courts to dismiss criminal charges if four conditions are met: (1) the defendant is charged with a crime punishable as a misdemeanor, (2) the person injured by the act constituting the crime has a remedy by civil action, (3) the person injured acknowledges in writing before trial that the person has received satisfaction for the injury, and (4) the defendant pays costs and expenses incurred." *State v. Ferguson*, 261 Or App 497, 500, 323 P3d 496 (2014). Here, the parties' dispute concerns only the first condition—namely, the intended meaning of the statutory phrase "charged with a crime punishable as a misdemeanor," as used in ORS 135.703.

As noted, "[d]etermining the intended meaning of a statute is a question of law." *DCBS v. Muliro*, 359 Or 736, 742, 380 P3d 270 (2016). In making that determination, we "attempt to discern the meaning of the statute most likely intended by the legislature" by "examining the text in context, any relevant legislative history, and pertinent rules of interpretation." *Id.* (citing *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009)). In doing so, we are mindful that "this court is responsible for identifying the correct interpretation, whether or not asserted by the parties." *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997).

"Because there is no more persuasive evidence of the intent of the legislature than the words by which the legislature undertook to give expression to its wishes, we begin with the text of the statute." *Alfieri*, 358 Or at 392 (internal quotation marks omitted).

A. *Text*

ORS 135.703 provides:

"(1)   When a defendant is *charged with a crime punishable as a misdemeanor* for which the person injured by the act constituting the crime has a remedy by a civil action, the crime may be compromised, as provided in ORS 135.705, except when it was committed:

"(a)   By or upon a peace officer while in the execution of the duties of office;

"(b)   Riotously;

"(c)   With an intent to commit a crime punishable only as a felony; or

"(d)   By one family or household member upon another family or household member, as defined in ORS 107.705, or by a person upon an elderly person or a person with a disability as defined in ORS 124.005 and the crime was:

"(A)   Assault in the fourth degree under ORS 163.160;

"(B)   Assault in the third degree under ORS 163.165;

"(C)   Menacing under ORS 163.190;

"(D)   Recklessly endangering another person under ORS 163.195;

"(E)   Harassment under ORS 166.065; or

"(F)   Strangulation under ORS 163.187.

"(2)   Notwithstanding subsection (1) of this section, when a defendant is charged with violating ORS 811.700, the crime may be compromised as provided in ORS 135.705."

(Emphasis added.)

As noted above, at issue is the emphasized phrase in subsection (1)—*i.e.*, "charged with a crime punishable as a misdemeanor." Some of the words in that phrase have been defined by the legislature, but others have not. "When the legislature provides a definition of a statutory term, we of course use that definition." *Comcast Corp. v. Dept. of Rev.*, 356 Or 282, 295, 337 P3d 768 (2014). Otherwise, we frequently "consult dictionary definitions of the terms" in order to discern their "'plain, natural, and ordinary meaning.'"

*Id.* at 195-96 (quoting *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993)).

The term "charged" is not defined by statute, but relevant dictionary definitions of "charge" include "to bring an accusation against," and "to make an assertion against esp. by ascribing guilt or blame for an offense or wrong : ACCUSE," *Webster's Third New Int'l Dictionary* 377 (unabridged ed 2002); and "to accuse (a person) of an offense <the police charged him with murder>," *Black's Law Dictionary* 203 (10th ed 2015). The term "crime" means "an offense for which a sentence of imprisonment is authorized," and "is either a felony or a misdemeanor." ORS 161.515(1) - (2). And, relatedly, a crime is a "misdemeanor" if "it is so designated in any statute of this state or if a person convicted thereof may be sentenced to a maximum term of imprisonment of not more than one year." ORS 161.545. Finally, the term "punishable" is not defined by statute, but relevant dictionary definitions include "capable of being punished by law or right," *Webster's* at 1843, and "able to be punished," *The New Shorter Oxford English Dictionary* 2415 (3d ed 1993).

The foregoing definitions indicate that evaluating whether a defendant is "charged with a crime punishable as a misdemeanor" for purposes of civil compromise under ORS 135.703 requires examining the formal accusation of an offense—*i.e.*, the accusatory instrument—to see whether the felony or misdemeanor charged therein is one that is capable of being punished by a maximum term of imprisonment of not more than one year. Significantly, nothing in the plain text of ORS 135.703 requires examining the specific defendant's criminal history or probation status, nor does it require determining how that specific defendant might be sentenced were they to proceed to trial and be convicted.

However, the text does not unambiguously indicate whether the crimes with which defendant was charged here—*i.e.*, unauthorized use of a motor vehicle, ORS 164.135, and possession of a stolen vehicle, ORS 819.300, both of which are Class C felonies—may be dismissed pursuant to a civil compromise under ORS 135.703. For additional clues to the legislature's intent on that point, we turn to the statutory context.

B.  *Context*

Statutory context includes "other provisions of the same statute and related statutes," along with "prior judicial interpretations of those and related statutes." *Dalbeck v. Bi-Mart Corp.*, 315 Or App 129, 135, 500 P3d 711 (2021).

Whereas subsection (1) of ORS 135.703 provides generally that compromise is available when a defendant is "charged with a crime punishable as a misdemeanor," other provisions of that statute carve out particular exceptions to that general rule. Specifically, paragraphs (1)(a) to (1)(d) explicitly list the particular crimes and circumstances for which civil compromise is not available. Notably, neither of the crimes with which defendant was charged (*i.e.*, unauthorized use of a motor vehicle, ORS 164.135, and possession of a stolen vehicle, ORS 819.300) nor the circumstances of his criminal history or probation status appear in that list of particular crimes and circumstances excepted from civil compromise under ORS 135.703.

Additional contextual clues come from a related statute—ORS 161.705. Under that statute, "the court may enter judgment of conviction for a Class A misdemeanor and make disposition accordingly when *** [a] person is convicted of *any Class C felony*." ORS 161.705(1)(a)(A) (emphasis added). In construing the civil compromise provisions in ORS 135.703, the Supreme Court has stated that, "by enacting ORS 161.705 the legislature intended to authorize a compromise of *all Class C felonies* which could be punished 'as a misdemeanor.'" *Dumond*, 270 Or at 857 (quoting ORS 135.703 (emphasis added)). The *Dumond* court further added that "[a]ny doubt [about the legislature's intent] is dispelled by a reading of the minutes of the Criminal Law Revision Commission pertaining to the amendment of [*former*] ORS 134.010 [(1971)], now ORS 135.703," *Dumond*, 270 Or at 857 & n 3, which demonstrate that "*Dumond* is a *** manifestly correct interpretation," *State v. Ha*, 82 Or App 570, 575, 728 P2d 932 (1986), *rev den*, 302 Or 657 (1987).

C.  *Legislative History*

The legislative history referred to in *Dumond* shows that, in discussing the amendment of *former* ORS

134.010 (1971), *renumbered as* ORS 135.703 (1973), the Criminal Law Revision Commission noted "a problem with this [compromise] statute." Minutes, Criminal Law Revision Commission, Oct 3, 1972, 41-42. *Former* ORS 134.010 (1971) provided, in relevant part:

> "When a defendant is *held to answer on a charge of misdemeanor* \* \* \* the crime may be compromised."

(Emphasis added.) In discussing that provision, the commission contemplated a situation "where the district attorney's office wanted to compromise the charge [for] a crime that could have been treated either as a felony or a misdemeanor," and noted that a "[q]uestion has arisen as to whether a crime that fell into the 'either/or' category fitted into this [civil compromise] statute." Minutes, Criminal Law Revision Commission, Oct 3, 1972, 42. In order "that [*former*] ORS 134.010 be revised to include a Class C felony" that "could have been treated as \* \* \* a misdemeanor," the commission proposed to amend the first sentence of the compromise statute to read, "When a defendant *is charged with a crime punishable as a misdemeanor* \* \* \*[.]" *Id.* at 41-42 (emphasis added). The legislature made that amendment, and the same text still exists in the current version of ORS 135.703. Thus, in light of *Dumond*, we conclude that ORS 135.703 is intended to allow civil compromise for Class C felonies that are capable of being punished as misdemeanors by operation of ORS 161.705.

D.   *Defendant was "charged with a crime punishable as a misdemeanor."*

Based on the foregoing text, context, and legislative history of ORS 135.703, we conclude that, by using the phrase "charged with a crime punishable as a misdemeanor," the legislature's intent was as follows: With the exception of the crimes and circumstances explicitly listed in paragraphs (1)(a) to (1)(d) of that statute, if a charged felony or misdemeanor—including a Class C felony reducible to a misdemeanor under ORS 161.705—is capable of being punished by a maximum term of imprisonment of not more than one year, then that crime may be civilly compromised, irrespective of a defendant's criminal history, probation

status, or probable sentencing outcomes were they to proceed to trial and be convicted.

Applying that understanding here, we further conclude that, because the indictment in this case charged defendant with unauthorized use of a motor vehicle, ORS 164.135, and possession of a stolen vehicle, ORS 819.300—both of which are "Class C felonies which could be punished 'as a misdemeanor,'" *Dumond*, 270 Or App at 857—the trial court did not err in dismissing those charges pursuant to a civil compromise.

E.   *The State's Arguments to the Contrary*

In seeking a different result, the state argues that defendant is ineligible for civil compromise based on certain provisions in ORS 137.717, which, as noted above, contains provisions related to the sentencing of repeat property offenders. As relevant here, those provisions state, "When a court sentences a person convicted of *** [u]nauthorized use of a vehicle under ORS 164.135, [or] *** possession of a stolen vehicle under ORS 819.300 ***, the presumptive sentence is 18 months of incarceration," ORS 137.717(1)(b), and "[t]he court shall sentence a person under this section to at least the presumptive sentence ***, unless *** the court finds that *** [t]he person was not on probation *** for," among other crimes, "[t]heft in the first degree under ORS 164.055," ORS 137.717(1)(c), (6)(a).

In light of those provisions, the state argues, "certain Class C felony property crimes—those for which ORS 137.717(6) expressly precludes any downward departure from the statutory presumptive prison sentence—may not be civilly compromised because those crimes are not 'punishable as a misdemeanor' under ORS 135.703." We disagree.

For one, the state's argument appears to conflate two distinct matters: Under ORS 135.703, the question is whether a certain *offense* is capable of being punished as a misdemeanor; by contrast, under ORS 137.717, the question is, more concretely, how must a certain *offender* be sentenced upon conviction in light of their criminal history and probation status. The answer to the second question does not necessarily answer the first.

Further, as noted above, there are, indeed, certain crimes and circumstances for which civil compromise is explicitly not available—namely, those listed in paragraphs (1)(a) to (1)(d) of ORS 135.703; however, as also noted above, that list of exceptions does not include the crimes listed in the indictment in this case, nor does it include the circumstances relating to defendant's criminal history or probation status. As such, "the statute itself demonstrates that the legislature knows how to create exceptions to broadly worded statutes when it so intends," and "[t]he omission of other exceptions *** is particularly significant and presumably was purposeful." *State ex rel Juv. Dept. v. Tyree*, 177 Or App 187, 193, 33 P3d 729 (2001); *cf. State v. Fries*, 212 Or App 220, 229, 158 P3d 10 (2007), *aff'd*, 344 Or 541, 185 P3d 453 (2008) ("The legislature knows how to create exemptions," and "because it did not create an exemption that applies to the circumstances of defendant in this case, we must infer that the legislature's omission was deliberate."). Nothing in ORS 135.703 indicates the contrary, and reading such exceptions into the statute "would be counter to the legislature's direction that in 'the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted.'" *County of Linn v. State of Oregon*, 319 Or App 288, 313, 510 P3d 962, *rev den*, 370 Or 214 (2022) (quoting ORS 174.010).

The state also contends that *Dumond*'s conclusion in 1974 that Class C felonies are punishable as misdemeanors for the purpose of ORS 135.703 was correct "based on the law at the time," but that the subsequent amendment of ORS 137.717 by Measure 57 (2008) "made certain Class C felony property offenses punishable as felonies only, thus precluding civil compromises of those crimes." Again, we disagree.

When the voters approve ballot measures, "we presume that [those] laws are enacted in light of the judicial decisions that preceded and bear directly on them." *Hazell v. Brown*, 352 Or 455, 465-66, 287 P3d 1079 (2012) (stating principle with respect to voters' approval of Measure 47 (2006)); *see also State v. Vallin*, 364 Or 295, 306, 434 P3d 413

(2019) ("[O]ur usual presumption is that laws are enacted, both by the legislature and 'the people,' in the light of legal rules that bear directly on them."). Here, nothing in either ORS 135.703 or ORS 137.717 suggests to us that, by approving changes to ORS 137.717 in 2008, the voters intended to disturb the holding in *Dumond* and carve out new exceptions to civil compromise in addition to those already explicitly listed in paragraphs (1)(a) to (1)(d) of ORS 135.703. Had they intended to do so, they could have made such exceptions explicit, but they did not do so. *See State v. Sagdal*, 356 Or 639, 652, 343 P3d 226 (2015) ("[W]e assume that the voters were aware of our earlier interpretation and would have been explicit if they were seeking to modify the meaning of the provision as interpreted."); *cf. Dumond*, 270 Or at 858 ("There is nothing in the statute to indicate that the court can exercise its discretion only with the consent of the injured party. *** If the legislature had so intended, it would have made the consent of the injured party a condition precedent to a compromise. It did not so limit the discretion of the court[.]").

## III.   CONCLUSION

For the foregoing reasons, we conclude that the trial court did not err by dismissing defendant's charges pursuant to civil compromise under ORS 135.703; accordingly, we affirm.

Affirmed.